By the Court—Bosworth, Ch. J.
This is an appeal by the defendant from an order denying a motion made by him for a new trial, and also from the judgment.
The exception to the decision allowing the complaint to be amended, is untenable. The fact that the defendant employed the plaintiff is admitted by the answer. The questions, how- long the plaintiff was in the employment of the defendant, and whether he was employed at an agreed rate of compensation, were put at issue by the pleadings. The defendant averred in his answer that he never “ made any agreement whatever in respect to compensation, except that implied by law.” If he did not, the plaintiff was entitled to recover such sum as his services were reasonably worth. The amendment allowed consists of an .allegation that they “ were reasonably worth the sum of $2,388.87, and the defendant ought to pay such sum therefor.”
The variance between'an allegation of an agreed price, and proof of a promise to pay what the services were *228 reasonably worth, is immaterial under section 169 of the Code; the defendant not alleging that he is misled thereby to his prejudice in maintaining his defense upon the merits. By § 170, the Court was authorized to order an immediate amendment without costs.
The exception to the decision allowing R. M. Brown to state what, in his judgment, the plaintiff’s services were worth is not well taken. The evidence was- objected to, “ on the ground that the qualification of the witness to testify on the point has not been shown.” The witness had testified thus : “I am somewhat familiar with bookkeeping and accounting; I understand bookkeeping tolerably well.” He had also testified to a somewhat intimate knowledge of what the plaintiff had done. This evidence established his competency to testify. The value of his opinion was a question for the Jury. If it be admitted that his subsequent testimony tends to show him less qualified to testify on the point, than his direct testimony, still the accuracy of the decision is not thereby affected. That is to be tested by considering the testimony that had been given at the time the decision was made, and not by testimony given subsequently.
Testimony was given by A- B. Stewart, GL M. Seymour and David Rait, which I consider clearly incompetent. Whether the case shows that an objection and exception were taken to its admission, and if not, whether a new trial should be granted on terms, will be considered. -Stewart, in his testimony as to the value of the plaintiff’s ■services, says: “I have heard the testimony as to these services, * * should think the work worth all the plaintiff claims, * * I have not looked at the books, I speak from the evidence I have heard here." A witness, in thus testifying, is drawing inferences and conclusions which fall within the exclusive province of a Jury, and such evidence is clearly incompetent. (Clark v. Baird, 5 Seld., 183, and cases there cited; Page v. Hazard, 5 Hill, 603; Lamoure v. Caryl, 4 Denio, 370; Harris v. The Panama R. R. Co., 3 Bosw., 7.) A witness, in order to be *229 ‘permitted to give Ms opinion of the value of any subject, as an item of evidence, must be personally acquainted with it, and possess a knowledge in respect to the value of it, which it cannot be presumed is possessed by people generally; or if, though possessing that knowledge, he is not personally acquainted with the subject, the particulars of it, which, it is assumed, a Jury may, upon the evidence, find to exist, must be stated by way of hypothesis, and the opinion be confined to the hypothetical case stated. Where, as in this case, the value of the plaintiff’s services is to be determined, and that value depends upon the time occupied and the amount of labor performed, and any question arises upon the evidence, in regard to the extent of the services, it is for the Jury alone to determine what was done. By permitting a witness, who knows nothing of the services, except as instructed by the evidence, to testify what, upon the evidence, the services are worth, it is left to Mm first to determine questions of fact, and then give an opinion based upon the facts as he may have determined them. And a Jury, in following his opinion of value, may give a verdict for services, which, in their view of the evidence, have not been performed.
G. M. Seymour and David Rait, severally gave testimony as to the value of the plaintiff’s services, based upon “ the testimony as to the work done by Mr. Scott.”
To determine whether this evidence must be deemed to have been admitted against the objection and exception of the defendant, it is necessary to recur to the testimony of George Miln and other witnesses, and to the exceptions taken on their examination. Miln stated that the plaintiff had “served him as a bookkeeper four or five years.”
He was then asked this question, viz.: “ Do you know, “ and if so, state his ability as a bookkeeper ? The defend- “ ant’s counsel objects to the evidence as incompetent and “ irrelevant. The objection is overruled, and the defend- “ ant’s counsel excepts.” The answer of the witness is given, and the case then states that “the defendant’s coun“sel here asked the Court to consider all the evidence, *230 “relating to this branch of the case, as subject to the" “ exceptions taken in the examination of the preceding wifc- ■“ nesses, and the Court so ordered.” Then follows the testimony of Stewart, Seymour and Rait. The exception taken in the testimony of Miln, was to evidence of the plaintiff’s “ ability as a bookkeeper.” That taken in the testimony of Brown, was that he had not been proved to possess the qualification essential to entitle him to testify “ on the point,” “ what were the services of Mr. Scott, (the plaintiff,) worth.” In the testimony of the plaintiff, objection was made to any evidence as to what his services were worth, “on the ground that-the plaintiff was held to the special contract set up in the complaint.”
neither Stewart, Seymour, nor Rait, was asked if he knew . the ability of the plaintiff as a bookkeeper. They were examined as to the value of his services. The only exceptions taken in the testimony of other witnesses, which can have any application to theirs, relate to proof of the fact of the value of his services, unless indeed they relate to the qualification of these persons to speak to the question of value. But they severally testified that they understood the business of bookkeeping, and had acted in that capacity.
I think, therefore, that the agreement between defendant’s counsel and the Court cannot operate with like effect as a specific objection to the testimony now under consideration, and a decision of the Judge admitting it, and an exception, by the defendant to the decision.
But perhaps it should not be overlooked, in deciding the question, whether the defendant should have a new trial, on terms. He may, perhaps, be regarded as having done what, at the time, was considered sufficient to enable him to get relief, if improper testimony .was received on the question of the value of the plaintiff’s services...
The plaintiff and Mr. Brown (excluding the testimony of Stewart, Seymour and Rait) are the only witnesses on behalf of the plaintiff who. speak to the value of his ser *231 vices, except S. B. White, who testifies that “Mr. Scott is a very competent bookkeeper, and receives $1,000 a year.”
The Jury have allowed him at-the rate of $1,000 a year from the 11th of December, 1857, to May 1,1860. In his verified complaint he states an agreement to pay him at and after the rate of $1,000 per annum. It is clear that from the 1st of -February, 1859, to the 1st of May, 1860, he had regular and fixed occupation: first, as Secretary of the N. Y. & Tennessee Zinc Company; and next, as bookkeeper and discount clerk in the Grocers’ Bank. From the 19th of June, 1859, to the 1st of May, 1860, he was in the Grocers’ Bank from 9| a. m. to between 3 and 4 p. m., and received $1,000 a year. In the Zinc Company he was occupied about an equal part of his time. He did, during this latter period, relatively but little for the defendant, as compared with his services prior to February 1,-1859.
The testimony of the plaintiff and Brown, if - unaided by that of Stewart, Seymour and Bait, in connection with that given by the defendant, James Pollock, Jr., McKay, J. I). Douglas and E. Jj. H. Gardiner, might have resulted in a verdict for a less amount than was given. The testimony of Stewart, Seymour and Bait, if received, and regarded by the Jury as competent to influence their conclusions, was calculated to affect the amount of the verdict. The Court not only cannot say that it did not, but must believe that it did. • The Court is not able to see that substantial justice has clearly been done. According to the evidence, the plaintiff gave but little time to the defendant’s business after the 1st of February, 1859. He may have given all that it required, but that is no reason why he should be paid more than his services, during that period, are worth. Taking his own testimony to be accurate, that he told the defendant at the time of being employed that “this work would be worth * * at the rate of $1,000 a year,” it is clear that up to February 1, 1859, he did not expect more, and must have-considered that the defendant did not expect to pay more. Subsequent to that *232 time, I think it quite clear that his compensation should be less.
I think, therefore, that it is a case, in which a verdict has been rendered upon incompetent evidence necessarily-calculated to affect the result j that there is much reason to suppose injustice has been done, and that the defendant, though personally liable to the plaintiff, is acting in a representative capacity, and that a new trial should be granted on the terms of paying the costs of the trial and all subsequent costs, except the costs of the appeal, and that they should be costs in the cause and abide the event; unless the plaintiff stipulates within ten days to remit from the judgment the sum of $34r¡>o, an error in the computation, and the further sum of $375, and interest thereon from May 1,1860, in which event the judgment should be affirmed for the residue. Each party to bear his own costs of the appeal.
The other Judges concurring, it is ordered accordingly.