## FRANCES CORNISH, RESPONDENT, *v.* SARAH GRAFF, APPELLANT.

*Practice — when errors of fact are not reviewable on appeal — when the case should be ordered to be annexed to the judgment-roll — right of the court to further instruct the jury in the absence of counsel — evidence of actual value admissible as bearing on the probable truth of conflicting claims as to an agreed price.*

Where upon an appeal from a judgment, entered upon the verdict of a jury, and from an order denying a new trial, it does not appear that the case contains all of the evidence, questions of fact, or errors of the jury, cannot be considered.

When a case is settled and filed, after entry of judgment, the judge, referee or court should make an order directing the case to be annexed to the judgment-roll.

After the jury had retired the defendant's counsel left the court-room. Before the adjournment for the day the jury applied for further instruction. An officer was sent for the defendant's counsel, but he could not be found. Thereupon, the court, in his absence, further instructed the jury.

*Held,* no error; that there is no statute or rule of practice in this State which prohibits the court in civil cases from instructing the jury in the absence of counsel.

It is the duty of counsel engaged in the trial of a case to remain in, or be represented at the court during its sessions until the jury having the case in charge is discharged; and the failure of the counsel to perform his duty in this respect does not deprive the court of its power to give such further instruction to the jury as may be necessary and proper.

Any abuse of this power can be corrected on a motion for a new trial.

In an action to recover the value of personal services, where the complaint alleges that an agreed price was to be paid therefor, and that they were worth that price, and the issue is what was the agreed price, evidence of the value of the services is competent, as bearing upon the probable truth of the claims of the respective parties.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made on a case and exceptions, and from an order granting a motion to resettle a case.

This action was brought to recover for services as a nurse performed between September 1, 1880, and October 19, 1881. The complaint contains but a single count, in which it is alleged that the services were reasonably worth ten dollars per week, amounting in the whole to $500, and that defendant agreed to pay said sum. It is admitted in the complaint that $286.44 has been paid. The answer alleges: (1.) A general denial. (2.) That defendant is a married woman

and living with her husband. (3.) That the services were rendered at the agreed price of five dollars per week, and that plaintiff has been fully paid. The plaintiff had a verdict for $319.06.

It appears from an opinion printed in the appeal book, that a motion for a new trial on the judge's minutes was made and denied. But it is not shown by the judgment-roll, or the case annexed, that such a motion was made or determined. No order determining such a motion appears..

It appears from the notice of appeal, but not from the judgment as printed, that January 26, 1884, a judgment was entered on the verdict. The judgment-roll does not contain the clerks' minutes of trial, and it does not appear whether any direction in respect to a case was made at the circuit.

It appears by the case and affidavits annexed, that after the jury retired defendant's counsel left the court. Before the adjournment of the court for the day, the jury applied for further instruction. An officer was sent for the defendant's counsel, but he could not be found, and thereupon, in the absence of defendant's counsel, the court further instructed the jury. The next morning the jury brought in a sealed verdict. The case, as settled, contained an exception by which the right of the court to further instruct the jury in the absence of counsel was challenged, and the substance of the instruction was also excepted to. Both exceptions were taken after the jury had rendered its verdict. These exceptions were allowed by the trial judge, who settled the case December 20, 1884, and ordered it filed, but did not order it annexed to the judgment-roll. Afterwards, upon the plaintiff's motion made at a Special Term held by another justice, the exceptions were stricken out upon the ground that under section 995, Code of Civil Procedure, they could not be taken after the jury had rendered its verdict. After the case was thus resettled, a motion was made on it at Special Term for a new trial, which was denied, and an order entered. The defendant appeals : (1.) From the judgment. (2.) From the order denying a new trial. (3.) From the order striking out the two exceptions.

*Isaac D. Garfield*, for the appellant.

*Hancock & Munro*, for the respondent.

FOLLETT, J. :

It does not appear that the case contains all of the evidence, and for this reason the questions of fact, or errors of the jury, if any, cannot be considered. An appeal from a judgment brings up for review only questions of law which are contained in the judgment-roll. Section 1237 of the Code of Civil Procedure provides that a case settled and on file at the time the judgment is entered shall form a part of the judgment-roll. When a case is settled and filed after the entry of judgment, the judge, referee or court should order the case annexed to the judgment-roll. (*McNish* v. *Bowers*, 30 Hun, 214.) When a case is so annexed and becomes a part of the judgment-roll, and is duly certified by the clerk, the appellate courts have an authenticated record on which to found their judgments. In the case at bar no order was made at the Circuit directing a case to be annexed to the judgment-roll after entry, and none was made by the judge who settled the case. The reason for a motion for a new trial on a case at Special Term, after a like motion on the judge's minutes had been denied, is not apparent. Both parties desiring a determination of this case on the merits, we will decide it; but it must not be regarded as sanctioning this practice.

The facts in respect to the instruction given by the court in the absence of defendant's counsel appearing in the case and being undisputed, the appeal from the order striking out the exceptions to these instructions need not be specially considered, for if the court had not the right to instruct the jury in the absence of defendant's counsel the point is available without an exception. If the court had the right, but abused it, the point is available on a motion for a new trial, which has been made on a case, and the appeal from the order denying a new trial brings the question before this court. (*The Watertown Bank and Loan Co.* v. *Mix*, 51 N. Y., 558.)

The trial of a case is not concluded until the jury is discharged from its consideration. (Code Civ. Pro., § 992.) The power of the court to re-call and re-instruct the jury has never been judicially doubted in this State. Counsel by purposely or inadvertently withdrawing from the court cannot take away the power, or suspend the right to exercise it until they can be found and brought

in, if willing to come. It is the duty of counsel engaged in the trial of a case to remain in or be represented at the court during its sessions until the jury having the case in charge is discharged. (*Dauntley* v. *Hyde*, 6 Jurist [Exch.], 133.) The failure of counsel to perform their duty does not deprive the court of its power to discharge its duty. The court is not required to send out its officers to invite counsel to attend to their duties and hear additional instructions which the court proposes to give to the jury. Undoubtedly, in most cases, courts will endeavor, as a matter of courtesy, to secure the attendance of counsel before re-instructing a jury, but it is not error if it is not done. (*Wiggins* v. *Downer*, 67 How., 65; affd. Gen. Term, Fourth Dept., Oct. 1884; *Cook* v. *Green*, 1 Hals., 109; *Chapman* v. *Chicago, etc., R. R. Co.*, 26 Wis., 295; S. C., 7 Am. R., 81.) The last case cited is precisely in point, is well considered, and clearly states the law and practice applicable to this question. *Burke* v. *Webb* (2 N. Y. Wk. Dig., 579) is imperfectly reported, as will be seen by reference to the record and the opinion. The plaintiff, in that case, hired to defendant for a year, but was discharged without cause, as the plaintiff alleged, who sued for his wages for a year. The defendant alleged that he had sufficient cause for discharging the plaintiff. The jury, in the absence of the plaintiff's counsel, asked the court whether the plaintiff could recover for the services he had rendered in another action, if they found for the defendant? The court said yes. The jury retired, and shortly returned a verdict of no cause of action. Soon after the plaintiff's counsel came in, and the court allowed an exception to the instruction and granted a new trial upon the minutes. The defendant appealed, and the order granting a new trial was affirmed, upon the ground that the instruction was erroneous; and it was said that if an erroneous instruction be given in the absence of counsel which injures the unrepresented party, it is ground for a new trial. The decision was placed on the ground that the instruction was erroneous, and it was not said, or intimated, that giving a proper instruction in the absence of the counsel for the defeated party was error, or a cause for a new trial.

*Bunn* v. *Croul* (10 Johns., 239); *Taylor* v. *Betsford* (13 Johns., 487), and *Moody* v. *Pomeroy* (4 Denio, 115), all arose in justices' courts, and in those cases the magistrate entered the jury room and

instructed the jury in the absence of counsel. *People* v. *Cassiano* (30 Hun, 388), arose under section 427 of the Code of Criminal Procedure, which provides that notice of the court's intention to give additional instructions to the jury must be given to the district attorney and to the defendant's counsel. The cases in California (*Redman* v. *Gulnac,* 5 Cal., 148 ; *People* v. *Trim,* 37 id., 274), arose under statutes providing that in civil cases further instructions " must be given in the presence of or after notice to the parties or counsel" (Cal. Civ. Proc., § 10614), and in criminal cases, after notice " given to the defendant and his counsel." (Crim. Prac. Act, § 408.) This provision having been found to be inconvenient, it is now provided in criminal cases that additional instructions " must be given in the presence of or after notice to the district attorney, and the defendant or his counsel, or after they have been called." (Penal Code, § 1138.) The cases in Ohio (*Campbell* v. *Beckett,* 8 Ohio St., 211 ; *Kirk* v. *The State,* 14 Ohio R., 511), arose under a statute providing that additional instructions shall only be given " in the presence of or after notice to the parties or their counsel." (Code, § 270.) There is no statute or rule of practice in this State which prohibits the court in civil cases from instructing the jury in the absence of counsel. The power to re-instruct a jury in the absence of counsel may, like other powers, be abused ; and if it is, the wrong can be corrected on a motion for a new trial. But in this case there was no abuse ; the additional instructions were given publicly, during a regular session of the court, and after a prolonged but unavailing search for the defendant's counsel by the officers of the court under its direction.

In an action to recover the value of services, when the issue is, what was the agreed price (the complaint averring that the services were worth the agreed price), evidence of the value of the services is competent, as bearing upon the probable truth of the claims of the respective parties. (*Swain* v. *Cheney,* 41 N. H., 232 ; *Harrington* v. *Barker,* 15 Gray, 538 ; *Sturgis* v. *Hendricks,* 51 N. Y., 635 ; *Scott* v. *Lilienthal,* 9 Bosw., 224 ; Abb. Trial Ev., 367, 368.) In *Marsh* v. *Holbrook* (3 Abb. Ct. App. Dec., 176), the defendant did not deny that the price for the services to be rendered was agreed upon, but having rendered the full performance of the services impossible by his own act, sought to reduce the recovery,

by proving the actual value of the services rendered, and the case is not an authority upon the question now under consideration. The defendant was not injured by the additional instruction, that the plaintiff was entitied to recover the contract price, whatever the jury found it to be, and that the contract price was either five dollars or ten dollars per week. This was the precise issue : the plaintiff swore that the contract price was ten dollars per week, and the defendant swore that it was five dollars per week, and each party sought to strengthen her own testimony by collateral evidence bearing upon the probabilities, and neither claimed that a contract price was not agreed upon, and that the amount to be recovered was to be controlled by the value of the services.

The judgment and order should be affirmed, with costs.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment and order affirmed, with costs of appeal from judgment only.