## HUGH KELLY v. STEPHEN STONE, Appellant.

**Land Sale Commission.** That the seller did not know the buyer to be sent by one who was employed to find a purchaser, is no defense to commission, where no information on the subject was sought and the agency had not been terminated.

**MISCONDUCT OF AGENT.** Advice given by the seller's agent to the buyer, to act as though he did not want to buy, blocking out a line of conduct to help the buyer against the seller, is not important where an advantageous sale was made, no fraud or mistake being involved.

**Practice: EVIDENCE.** Where action is based on a contract to sell land, made in 1892, ascertaining the exact date of the conversations between the parties held during the preceding year is not proper cross-examination.

*Appeal from Butler District Court.*—Hon. John C. Sherwin, Judge.

SATURDAY, APRIL 6, 1895.

Action at law to recover compensation alleged to be due for services rendered in the sale of real estate. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*C. A. L. Roszell* and *Hemenway & Grundy* for appellant.

*M. Hartness* and *Gibson & Dawson* for appellee.

Robinson, J.—The petition alleges that in February, 1892, the plaintiff and the defendant entered into a verbal agreement by which the plaintiff was engaged to procure a purchaser for a farm of one hundred and sixty acres owned by the defendant; that, for the services stated, the plaintiff was to receive fifty dollars if the farm sold for twenty-eight dollars per acre, and, in addition, all for which it should be sold in excess of that price; that in August, 1892, the plaintiff procured a purchaser for the farm, who paid therefor the sum of thirty dollars per acre; that the farm has been conveyed to the purchaser; and that the compensation agreed to be paid to the plaintiff is due and unpaid. The answer admits the sale and conveyance of the farm as alleged, denies all knowledge on the part of the defendant of the instrumentality of the plaintiff in effecting the sale, and denies that the defendant is liable for any services rendered by the plaintiff. The jury returned a verdict in favor of the plaintiff for the sum of three hundred and seventy dollars, with interest. The interest was remitted, and judgment was

rendered in favor of plaintiff for three hundred and seventy dollars and costs.

I. The plaintiff testified as a witness, and stated on his direct examination that an agreement was made with the defendant substantially as alleged in the petition and at the time therein stated. On cross-examination, he testified that the first conversation he had in regard to the sale of the farm was in 1891. The defendant then asked him to state the month and day of the month, but the plaintiff interposed an objection, which was sustained. We think the ruling was correct, as the agreement for compensation relied upon by plaintiff was made in February, 1892. But, if the ruling be regarded as erroneous, it was not prejudicial, as the witness subsequently testified that he had the farm for sale in August, 1891. The day of the month on which he had it for sale could not have been material. At the instance of the defendant, he testified to several matters which had relation to the agency of 1891, and, among others, that he had made arrangements to sell the farm if he could. He was then asked to state what the arrangements were, but, on the objection of the plaintiff, was not permitted to do so. In that there was no error, as the arrangements, whatever they may have been, were not relied upon by the plaintiff. The defendant complains of the refusal of the court to require the plaintiff to state what conversation he had with the defendant in the house about the land, referring to the house where the defendant resided, and where the agreement of February, 1892, is alleged to have been made. We think the question was a proper one; but, although an objection to it was sustained, we find that the plaintiff afterward testified quite fully in regard to the conversation at the barn, in the house, and outside of the house after they had left

it.    Therefore prejudice could not have resulted from the ruling made.

II.    A witness named Lyons was present when the agreement in question was made.    On cross-examination he testified that he thought the sale of the farm was talked over in a general way in the house.    He was then asked to state if, during the conversation in the house, he heard plaintiff tell about a man he had met in Charles City, who wished to buy the farm; but an objection to the question was sustained.    The ruling appears to have been correct.    The question did not relate to any matter concerning which the witness had testified in his direct examination, and, so far as can be ascertained from the record, it did not call for an answer which would have been relevant to any issue in the case.

III.    Nathan Stone testified that the plaintiff came with a German to look at the farm in the latter part of January, 1892.    The testimony was stricken out on the motion of the plaintiff.    We find no error in that ruling.    The testimony does not appear to have been relevant to any matter in controversy.

IV.    The appellant complains of the refusal of the court to allow him to show how many acres he had seeded to oats, and how many acres he had planted to corn, whether he had made any improvements on the farm, and that land had advanced in value after the agreement had been made in February, 1892, and before the land was sold, in the next August.    The theory upon which the matters indicated were sought to be shown was that, as there was no time alleged within which the plaintiff was authorized to sell the farm, he was required to do it within a reasonable time, and that he could not effect a sale under the agreement relied upon after the crops had been planted, and the

farm had been improved and had increased in value. But there was no issue of that kind made by the pleadings. The petition set out the agreement, and alleged that the plaintiff had duly performed all its conditions on his part. That was sufficient. Under the issues raised by the pleadings, the plaintiff was entitled to recover if he proved the contract of agency alleged, and that he performed the service required by it. If, for any reason, the contract had been terminated, the fact was available as an affirmative defense, which might have been pleaded by the defendant, but was not, and therefore could not be proven.

It is shown without conflict in the evidence that the plaintiff sent to the defendant the man who purchased his farm, and, if the agreement in controversy was as he claimed it to be, that he was entitled to the compensation allowed by the jury. *Ford v. Easley,* 88 Iowa, 603. The plaintiff did not agree with the purchaser on the terms of sale, and did not assist in the negotiations. It was not known to the defendant that the plaintiff was concerned in the negotiations until after the sale was effected. In sending the purchaser to the defendant, he said, "Don't be too fast to buy, and, in your conversation with him, talk as if you don't want to buy the farm." That was hardly to be commended, but, since it resulted in a sale on terms which suited the defendant, he was not injured by it. But it is said that he did not know of the agency of the plaintiff in the sale, and, if he had, that he might have refused to make it on the terms which he gave. He had not terminated the agency of the plaintiff, and took no steps to inform himself in regard to his connection with or his influence in effecting the sale. He received a larger price than that he had authorized the plaintiff to fix. No issue of

fraud or mistake is presented by the pleadings, and there is no occasion to determine any question of that character. The agreement pleaded, and which the jury were authorized to find established by the evidence, did not require the plaintiff to make the sale, but only to find a purchaser. It is said in *Sussdorf v. Schmidt*, 55 N. Y. 322, of a real-estate agent or broker: "If the purchaser is found by his efforts or through his instrumentality, he is entitled to compensation, although the owner negotiated the sale himself. Nor is it indispensable that the purchaser be introduced to the owner by the broker, nor that the broker should be personally acquainted with the purchaser; but in such cases it must affirmatively appear that the purchaser was induced to apply to the owner through means employed by the broker." See, also, *Stewart v. Mather*, 32 Wis. 348; *Jones v. Adler*, 34 Md. 440; *Lincoln v. McClatchie*, 36 Conn. 136; Mechem, Ag. section 966; Ewell's Evans, Ag. 451, note.

We have not deemed it advisable to mention in detail all the reasons urged by the appellant to show reversible error committed by the trial court. Many of them are ingenious, and are urged with much earnestness, but we do not think any of them are sufficient to justify us in reaching any other conclusion than that no error was committed by the district court in the trial, of which the appellant can justly complain.—*Affirmed.*