FRIEDRICH OTTO SCHUTZ, Respondent, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.

1. EVIDENCE — OVERRULED OBJECTION NEED NOT BE REPEATED TO SAME CLASS OF EVIDENCE. Where an objection to a question calling for the opinion of an alleged expert has been overruled and an exception taken to the ruling, it is not necessary to object to a second question which is clearly within the scope of the objection to the main question.

2. WITNESS — WHEN IT IS ERROR TO ALLOW ALLEGED EXPERTS TO EXPRESS OPINION UPON QUESTION TO BE DETERMINED BY JURY. Where it appears, in an action brought by a street car conductor to recover for injuries resulting from the derailment of his car, that at the time of the accident the car was running around a curve at a speed of seven or eight miles an hour, that the rails were slightly spread at that point and that

3

the right forward wheel was worn and the flange thereon chipped, it is reversible error to permit a motorman of four years' experience and a mechanic of twenty years' experience as a shop foreman and railroad man on steam and electric roads, to testify as experts that in their opinion the derailment was caused by the track being out of gauge, or spread, and the flange of the forward wheel not being in the condition it ought to have been, since it was a question for the jury to determine from the facts stated whether the derailment was caused by the spreading of the track and the imperfect condition of the wheel, and was not a case requiring the opinions of witnesses, even if they had been experts.

*Schutz* v. *Union Railway Co.*, 88 App. Div. 615, reversed.

(Argued January 26, 1905; decided February 21, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 19, 1903, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles F. Brown, Bayard H. Ames* and *Henry A. Robinson* for appellant. The exceptions taken by defendant to the admission of evidence require a reversal of the judgment. (*Van Wycklen* v. *City of Brooklyn*, 118 N. Y. 424; *Thompson* v. *M. R. Co.*, 11 App. Div. 182; *Wilson* v. *N. C. R. Co.*, 56 App. Div. 570; *Church* v. *Howard*, 79 N. Y. 415; *Grotsch* v. *R. R. Co.*, 19 App. Div. 135; *Culbertson* v. *R. R. Co.*, 36 S. W. Rep. 834; *Tracy* v. *M. S. Ry. Co.*, 49 App. Div. 197; *Hedges* v. *M. S. Ry. Co.*, 70 App. Div. 548; *Quinn* v. *O'Keefe*, 9 App. Div. 73; *McClain* v. *B. C. R. R. Co.*, 116 N. Y. 468.)

*William H. Leonard Edwards* for respondent. There were no errors in the admission of evidence by the trial court. (*Slocovich* v. *O. M. Ins. Co.*, 108 N. Y. 56; *Nelson* v. *S. M. Ins. Co.*, 71 N. Y. 453; *Bearss* v. *Copley*, 10 N. Y. 93; *Littlejohn* v. *Shaw*, 159 N. Y. 188; *Transportation Line* v. *Hope*, 95 U. S. 297; *Cornish* v. *F. B. F. Ins. Co.*, 74 N. Y.

295; *Van Wycklen* v. *City of Brooklyn,* 118 N. Y. 424; *Peck* v. *N. Y. C. & H. R. R. R. Co.,* 165 N. Y. 347; *Jamieson* v. *N. Y. & R. B. R. Co.,* 11 App. Div. 50; 162 N. Y. 630; *Brush* v. *L. I. R. R. Co.,* 10 App. Div. 535; 158 N. Y. 742.)

Bartlett, J. This action was brought to recover damages for personal injuries. The plaintiff, on the 24th day of May, 1899, was a conductor in charge of an open car on the defendant's railway. The accident happened on Westchester avenue, between Glebe avenue and Avenue B, in the borough of the Bronx, on a curve varying from six and a half to eight and a half degrees, and the grade descending toward Avenue B was from one to two per cent. The car was running from Glebe avenue to Avenue B at a speed of between seven and eight miles an hour, when it suddenly left the track, the front platform lying in the ditch and the rear end remaining on the track; the car ran eighteen or twenty feet after it left the rails. At the point of derailment the track was found to be one and three-quarters inches out of gauge, that is, it had spread. On examining the running gear of the car it was found that the right forward wheel was worn and the flange thereon chipped.

It is claimed by the plaintiff that the cause of the accident was the spreading of the rails and the defect in the forward wheel.

The motorman testified that he was on the front platform of the car, had no power on at the time it left the track, and that the position of his brake was under control; he also stated that his speed was about seven or eight miles an hour.

The plaintiff's injuries were a Potts' fracture of the ankle and a lacerated wound of the sole of the foot; he was confined to the hospital four weeks and was obliged to use crutches in walking for about five months; he recovered a verdict for $1,500.00. The Appellate Division affirmed the judgment, without opinion, one justice dissenting.

The learned counsel for the defendant and appellant rests

his argument for the reversal of this judgment upon two rulings of the trial judge. When the motorman was on the stand he was asked this question : "Assuming that a car is running at the rate of seven or eight miles an hour, on a curve of the degree or radius of the curve on Westchester avenue, between Glebe avenue and Avenue B, at the point where your car left the track on the evening of May 24th, 1899, would it, in your opinion, be possible for a car, under those circumstances, to leave the track if the track were properly laid and in gauge and the running gear of the car in order?" This question was objected to as incompetent and speculative, and that it is a question for the jury to determine after they have heard all the facts, and it is not for the opinion of the witness. This objection was overruled and exception taken. The additional question was then asked, " Would it be possible under those circumstances? A. I don't think it would, sir."

It is claimed by the plaintiff that this second question was not objected to, but it was clearly within the scope of the objection to the main question. It was simply a suggestion to the witness to proceed after the original objection had been overruled. Even if the objection were not held to apply to the second question, it falls clearly within the rule that where upon a trial an objection has once been distinctly raised and overruled, it need not be repeated to the same class of evidence, and an omission to repeat it is not a waiver. (*Dilleber* v. *Home Life Ins. Co.,* 69 N. Y. 256 ; *Church* v. *Howard,* 79 N. Y. 415 ; *Stephens* v. *Ely,* 162 N. Y. 79.)

The motorman was here treated as an expert and asked to answer the question which was within the province of the jury to determine on the facts placed before them. It appears from his own evidence that he had been a motorman for four years in the employ of different companies, and it was on this rather brief experience that he was asked to act as an expert witness.

For reasons that will be stated later, it is very clear that this ruling of the trial judge presents reversible error.

The second ruling relied upon by the appellant is found in the testimony of one Gorman, a witness sworn on behalf of the plaintiff. He testified: "I am working at present at Jersey City Heights, Secaucus, shop foreman. I have been a railroad man altogether, steam and electric, twenty years." The witness then proceeded to state in detail the various companies for which he had worked. He was asked this question by plaintiff's counsel: "Assuming that a car is running at the rate of seven or eight miles an hour on a curve of the degree or radius of this particular curve on Westchester Avenue, between Glebe Avenue and Avenue B, and assuming that the track at that point is an inch and three-quarters out of gauge, and assuming that the outer forward wheel is worn and the flange chipped, and that the car leaves the track at that point, can you state with reasonable certainty, from your experience as a railroad man, both in railroad construction and in repairing and in operation, what was the cause of that car leaving the track?" This was objected to as speculative and incompetent, and that sufficient foundation had not been laid for it, and that it was assuming the functions of the jury, as that was a question for them to determine. The objection was overruled and exception taken. The witness answered, "In the first place, that the track was out of gauge. In the second place, that the flange of the wheel was not what it ought to be." A motion was then made to strike out this answer, which was denied.

The rule as to the admissibility of expert evidence is well stated by Werner, J., in *Dougherty* v. *Milliken* (163 N. Y. 527, 533) as follows: "It may be broadly stated as a general proposition that there are two classes of cases in which expert testimony is admissible. To the one class belong those cases in which the conclusions to be drawn by the jury depend upon the existence of facts which are not common knowledge and which are peculiarly within the knowledge of men whose experience or study enables them to speak with authority upon the subject. If, in such cases, the jury with all the facts before them can form a conclusion thereon, it is their sole province

to do so.   In the other class we find those cases in which the conclusions to be drawn from the facts stated, as well as knowledge of the facts themselves, depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence.   In such cases not only the facts, but the conclusions to which they lead may be testified to by qualified experts." (*Ferguson* v. *Hubbell*, 97 N. Y. 507, 513; *Van Wycklen* v. *City of Brooklyn*, 118 N. Y. 424, 429.)

In the case before us we have presented a situation which clearly does not fall within the rule rendering expert testimony admissible.   A very simple state of facts was laid before the jury, and the question for them to determine was whether the spreading of the track and the imperfect condition of the front wheel of this car, under conditions already stated, might have resulted in a derailment.   There were no facts here peculiarly within the knowledge of men whose experience and study enable them to speak with authority upon the subject, nor was either of these witnesses to be considered as an expert.   In regard to the witness Gorman, who had twenty years' experience as a shop foreman and railroad man on steam and electric roads, it would have been competent to have asked him, on the state of facts disclosed, as to the tendency of a car leaving the track under those conditions; the question propounded was very different, as it required the witness to state the cause of derailment, which, very clearly, was for the jury to determine.

We are of opinion that these rulings of the learned trial judge present reversible error, as it is impossible to say that the defendant was not prejudiced by the admission of this evidence.

The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur.

Judgment and order reversed, etc.