(48 Misc. Rep. 503.)

### FINCK v. SCHMITT.

(Supreme Court, Appellate Term.  November 29, 1905.)

1. BROKERS—COMMISSIONS—PERFORMANCE OF CONTRACT—RESCISSION.

   A broker employed to secure a loan is entitled to his commissions, where the contract is not terminated until after he has procured a person ready and willing to make the loan.

   [Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, § 45.]

2. CONTRACTS—ACTION—PLEADING—FRAUD.

   A defendant, who does not plead fraud in an action on a contract, cannot urge it as a defense.

   [Ed. Note.—For cases in point, see vol. 39, Cent Dig. Pleading, § 1728.]

   MacLean, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by John Finck against Franz Schmitt.  From a judgment in favor of defendant, plaintiff appeals.  Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Steuer & Hoffman, for appellant.

Adolph Bloch, for respondent.

GILDERSLEEVE, J.  The action is brought to recover broker's commissions, amounting to $750, for procuring a second mortgage loan of $5,000.  The authority to procure the loan is in writing, bears date of January 7, 1905, and is as follows, viz:

"New York, Jany. 7th, 1905.

"John Finck, Esq., 141 Broadway, City—Dear Sir: I hereby authorize you to accept on my behalf a second (2d) mortgage of $5,000.00 at 6% for one year covering my property 207–209 E. 94th street.  I further agree to pay fifteen (15) per cent. and disbursements in the event of your obtaining an absolute acceptance of the amount specified herein.  The authorization to remain in force until nullified by me in writing.

"Truly yours,                                    Franz Schmitt."

It appears from the evidence that the same day the plaintiff received the authority he procured a person who was ready, willing, and able to make the loan on the usual terms, and wrote to the defendant to that effect.  On the Monday following defendant replied to the plaintiff's letter of January 7th, saying:

"I have changed my mind, and have taken other steps in this matter."

The amended answer of the defendant first denies the employment of the plaintiff, and then, for a separate defense, alleges that the defendant retained the plaintiff to procure a certain mortgage loan, and that before the paintiff had procured said loan the retainer of the plaintiff by the defendant was terminated.  The method of terminating the retainer, or revoking the plaintiff's authority, was, as we have seen, by the letter of January 9, 1905, in which the defendant stated he "had changed his mind."  This was too late.  The plaintiff had already performed his part of the contract.

No fraud on plaintiff's part in the making of the contract is alleged by the defendant, and no proof thereof tendered.  There is

some testimony of the plaintiff calculated to show that he was .deceived and did not understand the contract of employment when he signed it. Not having pleaded fraud, the defendant cannot be heard to urge.it as a defense. The plaintiff made out his cause of action by undisputed testimony, and was entitled to the direction of a verdict in his favor.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

SCOTT, P. J., concurs.

MacLEAN, J. (dissenting). Inviting him to call promptly in the event of a mortgage proposition interesting him, the plaintiff wrote the defendant:

"I beg to call your attention to several funds aggregating upwards of $5,000,000 which I have been instructed to invest in bond and mortgage, in amounts to suit, at the low rates of four (4) and four and a half (4½) per cent. I am prepared to accommodate you with a satisfactory mortgage at a low rate of interest on any of your properties, particularly 207 E. 94th St. It is needless to state that no charge whatsoever is made unless the loan is actually approved and accepted by my clients."

In response the defendant called, and, as he says, was introduced to a man seated in a dark corner with a droplight over his desk, was asked some questions, and then asked to sign a paper placed on a board shoved out from the desk. It was dark, he could not see a letter on the paper, and thought it was blank; but, being told, on demurring, it did not bind him if he did not make the loan, that if he did not make the loan the paper would not be worth anything, and would be wiped out, he signed. "I thought," he testified, "it could do no harm to sign it, because Mr. Finck sent me a letter stating under what conditions I could make a loan." This, plausible of itself, is made credible by its turning out that the paper, with what followed, ostensibly bound the defendant to acceptance of a mortgage for a year at 6 per cent. interest and 15 per cent. commission, or 21 per cent. per annum, besides lawyer's fees unpriced, too much of a pactum leoninum to be enforced without more support.

The judgment should be affirmed, with costs.