BERNHARD WELLE, Respondent, *v.* CELLULOID COMPANY, Appellant.

EXPERT WITNESS — ERRONEOUS ADMISSION OF OPINION OF EXPERT UPON QUESTION OF FACT DETERMINABLE BY A JURY. It is reversible error, upon the trial of an action brought to recover for injuries caused by the slipping of a pot filled with acid from a hook by which it was to be lifted, to permit an expert witness to state, from an examination of the hook and a statement of the evidence describing the apparatus with which the pot and hook were used and the manner in which the pot slipped off the hook, that, in his opinion, the cause of the pot slipping from the hook was "from the use of a short and open-mouthed hook" furnished by the defendant; since it was for the jury to determine, from all the facts, together with the statements of experts relating to matters of which the mass of mankind are not supposed to be acquainted, whether the cause of the pot slipping from the hook was one for which the defendant was responsible; the answer to that question did not require professional or scientific knowledge or skill; it could be answered by persons of ordinary training and intelligence and was not a subject for expert opinion.

*Welle* v. *Celluloid Co.*, 105 App. Div. 642, reversed.

(Argued October 11, 1906; decided November 13, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 30, 1905, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph Larocque, Jr.*, for appellant. The trial court erred in admitting the opinion evidence of plaintiff's alleged expert, Southard. (*Dougherty* v. *Milliken*, 163 N. Y. 527; *Harley* v. *B. C. Mfg. Co.*, 142 N. Y. 31; *Bookman* v. *Masterson*, 83 App. Div. 4; *Schutz* v. *U. Ry. Co.*, 181 N. Y. 33; *Winters* v. *Naughton*, 91 App. Div. 80; *Schneider* v. *R. R. Co.*, 133 N. Y. 583; *Cramer* v. *Slade*, 66 App. Div. 59; *Kelpy* v. *Triest*, 73 App. Div. 597; *Sappenfield* v. *M. S. & A. P. R. Co.*, 98 Cal. 486.)

*Stephen C. Baldwin* for respondent. The trial court did not err in admitting the evidence of the expert, Southard. (*Van Wycklen* v. *City of Brooklyn*, 118 N. Y. 424; *Finn* v. *Cassidy*, 165 N. Y. 584; *Jenks* v. *Thompson*, 179 N. Y. 20.)

CHASE, J. This action is brought to recover damages for personal injuries, and it has been twice tried. The facts appearing in the present record, so far as they are material to the question now considered, are substantially as stated in the opinion on the former appeal to this court, which is reported in 175 N. Y. at page 401.

The plaintiff on the trial called a witness, who, after stating his experience as a consulting and mechanical engineer, was given the hook from which the pot slipped when the plaintiff was injured, and to him was described the apparatus with which the pot and hook are used, and he was told that when the plaintiff took " hold of the top of this pot with the acid in it, in order to bring it down a little so as to put the hook in the back lug, the pot suddenly slips off the hook next to him," and then after some discussion the witness was asked :

" Q. Can you state with reasonable certainty what caused the pot to slip from the hook ? Answer yes or no."

The defendant's counsel said :

" I object to that as incompetent, irrelevant and immaterial. It is taking from the jury what they are to determine in the case — the issue in the case. The facts are facts which do not call for expert opinion, and even assuming that an expert opinion is proper here, an expert can state to the jury only those facts which are not within common knowledge, from which conclusions must be drawn. Now this question calls for a conclusion from the witness as to what caused the fall of the pot."

Counsel for the plaintiff stated to the witness that he should add to the hypothesis that nothing about the appliance broke and that the hook and chain were found intact. The defendant's counsel also objected " because calling for a conclusion, and even assuming that the witness may state principles which

are not within the common knowledge of all men and from which a jury should draw their own conclusions, this witness, by this question, is called upon to draw a conclusion as to what caused the fall of the pot."

After some further discussion the court overruled the objections, and the defendant excepted ; the witness answered :

" A. I can."

The examination continued :

" Q. Please do so."

The defendant's counsel : " I renew my objection on the ground that expert evidence is not competent here ; that it is an ordinary question which ordinary men have full knowledge of, in addition to the other objection.

" The court : Yes, he may answer that question.

" The defendant excepted.    *    *    *

" A. From the use of a short and open mouthed hook.

" By the court : Q. What do you call a short and open mouthed hook ?

" A. That is a short and open mouthed hook."

This court has, on several occasions recently, stated the rule as to the admissibility of expert evidence. In *Dougherty* v. *Milliken* (163 N. Y. 527) the court say : " It may be broadly stated as a general proposition that there are two classes of cases in which expert testimony is admissible. To the one class belong those cases in which the conclusions to be drawn by the jury depend upon the existence of facts which are not common knowledge and which are peculiarily within the knowledge of · men whose experience or study enables them to speak with authority upon the subject. If, in such cases, the jury with all the facts before them can form a conclusion thereon, it is their sole province to do so. In the other class we find those cases in which the conclusions to be drawn from the facts stated as well as knowledge of the facts themselves depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence. In such cases, not only the facts, but the conclusions to which they lead, may be testified to by qualified experts."

21

In *Schutz* v. *Union Ry. Co. of N. Y. City* (181 N. Y. 33) the rule, as stated in *Dougherty* v. *Milliken*, was repeated.

The governing rule deduced from the cases permitting the opinion of witnesses is, that the subject must be one of science or skill, or one of which observation and experience have given the opportunity and means of knowledge which exists in reasons rather than descriptive facts, and, therefore, cannot be intelligently communicated to others, not familiar with the subject, so as to possess them with a full understanding of it. (*Schwander* v. *Birge*, 46 Hun, 66 ; *Van Wycklen* v. *City of Brooklyn*, 118 N. Y. 424.)

Applying these rules to this case, it is clear that the witness should not have been allowed to give his opinion as to what caused the accident. It is urged that this court, on the former appeal, referred without criticism to the evidence of an expert tending to show that the new form of hook was likely to pull out on account of its shape, and that when the chain was tautened in raising the pot, the lug, instead of settling down to the base of the hook, might easily and naturally rest on the curve at the mouth of the hook, and thus what is called a forced axis be formed. The former record did not present the defendant's exceptions, but even if technical and peculiar knowledge is required to determine the tendency of the hook under specified conditions it does not follow that unusual knowledge or training is required to determine from all the evidence what caused the pot to slip from the hook.

The record presents a very simple state of facts. The accident may have been caused by the failure of a co-employee of the plaintiff to properly insert the hook in the lug, or to hold the same there until the chain had been wound around the drum of the windlass sufficiently to retain the lug in the base of the hook. The witness by his answer to the questions is allowed to weigh all of the evidence in the case and to form and express an opinion generally upon the cause of the pot slipping from the hook. When all of the facts, together with such statements by experts relating to matters of which the mass of mankind are not supposed to be acquainted, were

before the jury, it was for them to determine whether the cause of the pot slipping from the hook was one for which the defendant is responsible. The answer to that question did not require professional or scientific knowledge or skill. It was one which could be answered by persons of ordinary training and intelligence and was not a subject for expert opinion.

In a close case an erroneous admission of such opinion evidence may very seriously prejudice a defendant. The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch., J., EDWARD T. BARTLETT, HAIGHT, VANN and HISCOCK, JJ., concur; GRAY, J., absent.

Judgment reversed, etc.