### SCOTT v. DILLON.

(Supreme Court, Appellate Term. April 10, 1908.)

1. BROKERS—COMPENSATION—ACTION—PLEADING—EVIDENCE—FRAUD—GENERAL ISSUE.

　　Where, in an action on a contract for broker's services by an assignee of the claim, defendant's answer consisted only of a general denial and an allegation of want of knowledge as to the assignment, evidence that defendant was induced to sign the contract for the broker's services by fraud was inadmissible.

2. TRIAL—OBJECTIONS—SUFFICIENCY.

　　Where plaintiff sufficiently raised his objection that evidence of fraud was inadmissible under the answer, it was unnecessary for him to renew his objection to each question which was objectionable for the same reason.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 192.]

Appeal from City Court of New York, Trial Term.

Action by John Scott against Joseph Dillon. From a judgment for defendant, and from an order denying plaintiff's motion for a new trial, he appeals. Reversed, and new trial granted.

Defendant's answer, referred to in the opinion, consisted, first, of a general denial of any knowledge or information sufficient to form a belief as to whether, prior to the commencement of the action, John Finck by a written instrument sold, assigned, and transferred the claim sued on to plaintiff, or as to whether plaintiff was the lawful owner and holder thereof, and, second, denied each and every allegation contained in the complaint, and demanded judgment of dismissal.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Warren McConhie, for appellant.
Abraham Wielar, for respondent.

PER CURIAM. The complaint alleges that one Finck was employed by defendant to obtain two $2,000 6 per cent. two-year second-mortgage loans on defendant's premises, Nos. 426 and 428 East 121st street; that defendant promised to pay said Finck, in case he should obtain an acceptance of said mortgage loans, $600 and disbursements; that Finck did obtain an acceptance of said mortgage loans on said premises from one McConihe, who was and ever since has been ready and willing to make said loans; that said Finck disbursed $10; that defendant refused to take the money so obtained by said Finck; and that Finck assigned the claim in suit to plaintiff. The answer is a general denial. The jury found for defendant. Plaintiff appeals.

Defendant signed a card in Finck's office, which he claims he signed at Finck's request, without knowing what it contained. The card reads as follows:

Read this before signing.
John Finck,
Mortgages and Real Estate,
39 West 42nd Street.

Telephones { 997 / 998 } Bryant.                    New York, 7/15/07.

John Finck, Esq.,
    39 West 42nd Street, City.

Dear Sir:

I hereby authorize you to accept on my behalf a second mortgage of $2,000 each at 6% for two years covering my property 426–428 E. 121 St. subject to a first mortgage of $6000 at 4% due Emigrant Bank.

I further agree to pay fifteen per cent. of the loan, disbursements and recording tax (which shall include, when required, the regular charge of any Title Insurance Company for a policy of Title Insurance, survey and appraisal fee).

This authorization is to remain in force sixty days from this date or at any time thereafter until this contract is revoked by me in writing.

Truly yours,                    Joseph Dillon [L. S.]
Address 850 6th Ave., cor. 48th St.

I have read this Contract before signing it.

Defendant subsequently, after refusing the offer of Mr. McConihe to make the loan at 6 per cent. obtained a loan from another party at 4½ per cent. There is no dispute that Finck procured McConihe, and that the latter was able and willing to make the loans in accordance with the terms of the above-quoted paper. Defendant offers evidence tending to show fraud on the part of Finck in obtaining defendant's signature to this paper. This testimony was inadmissible under the answer. Finck v. Schmitt, 48 Misc. Rep. 504, 96 N. Y. Supp. 197; Beadleston & Woerz v. Furrer, 102 App. Div. 546, 92 N. Y. Supp. 879; Milbank v. Jones, 127 N. Y. 370, 28 N. E. 31, 24 Am. St. Rep. 454; Cohen v. Miller, 46 Misc. Rep. 107, 91 N. Y. Supp. 345. Plaintiff sufficiently raised objection to this line of evidence at the trial, and it was not necessary to keep continually repeating his objection to each question. Schutz v. Union Railway Co., 181 N. Y. 33, 73 N. E. 491.

There are other objectionable features in the case, which it is unnecessary to discuss, as the reason above stated is sufficient of itself to require a reversal.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event.