[No. 1975. July 30, 1917.]
## JACKSON v. BROWER.

### SYLABUS BY THE COURT.

1.  A real estate agent is the procuring cause of a sale or trade of real estate placed in his hands for sale or trade, when the sale is traced to his introduction of the purchaser to the owner or principal; and the same rule applies where the agent introduces his principal to the agent of the owner of the real estate, with whom the trade is made, and through whose efforts it is consummated.

P. 619

2.  Courts are not bound to give instructions which, even if correct, are merely cumulative, and state in another form a proposition of law already given to the jury.

P. 620

3.  In an action for broker's commission, an alleged abandonment of the broker's employment to sell is a matter of defense, which plaintiff is not bound to negative.

P. 621

4.  Requested instructions are properly refused, where they are not warranted by the evidence.

P. 622

5.  That the principal is ignorant of the efforts of his broker to procure a customer does not affect the broker's right to a commission.

P. 622

6. The general rule is that an agent in whom is reposed trust and confidence, or who is required to exercise discretion or judgment, cannot intrust the performance of his duty to another. This general rule, however, does not prohibit a broker from employing others to perform service involving no skill, discretion, or exercise of judgment, a service peculiarly clerical or ministerial.

P. 623

7. In an action for a commission for effecting an exchange of lands, where the broker testified that he placed a letter in a stamped envelope, addressed to defendant at his home postoffice, and deposited it in the postoffice, a copy thereof was admissible.

P. 620

Appeal from District Court, Chaves County; McClure, Judge.

Action by E. C. Jackson against B. M. Brower. Judgment for plaintiff, motion for new trial overruled, and defendant appeals. Affirmed.

Hiram M. Dow and Tomlinson Fort, both of Roswell, for appellant.

The lapse of an unreasonable time may operate to revoke a contract of employment of a broker.

Staehlin v. Kramer, 118 Mo. App. 329; Turner v. Snyder, 118 S. W. 858.

Dissolution of partnership authorized to act as brokers terminates the contract of employment.

Larson v. Newman, 23 L. R. A. (N. S.) 849; Martine v. Ins. Sec. 53 N. Y. 339; Johnson v. Wilcox, 25 Ind. 182.

A sale by the owner operates to revoke the authority of the broker, without notice that his authority is terminated.

Dolan v. Scanlon, 57 Cal. 261; Walker v. Denison, 86 Ill. 142; Ahern v. Baker, 34 Minn. 98; Wallace v. Figone, 107 Mo. App. 362; 4 R. C. L. 258.

Where broker's commission has expired the owner is not liable on a sale subsequently made by the owner.

Pecos Valley Co. v. Cecil, 99 Pac. (N. M.) 695.

Plaintiff must recover upon contract alleged in the complaint.

Chaffee v. Wildman, 48 Colo. 34, 108 Pac. 995; 139 Am. St. R. 220.

For the rule as to commissions see: 4 R. C. L. 297-8; Nation v. Harness, 126 Pac. (Ok.) 799; Henning v. Parsons, 15 Ann. Cas. (Va.) 765 and note.

If owner does not sell to purchaser procured by agent he is not liable to the agent.

Dole v. Sherwood, 5 L. R. A. 720; Hammond v. Mau, 40 L. R. A. (N. S.) 1142 and note.

Instruction on lack of power of agent to delegate authority without consent of owner should have been given.

Qinkead v. Hartley, Ann. Cac. 1915 L. 1; 4 R. C. L. 260; Sims v. St. John, 43 L. R. A. (N. S.) 796.

George S. Downer of Albuquerque for appellee.

There was substantial evidence that plaintiff was the procuring cause of the sale.

As to the law of variance see: 31 Cyc. 700-703; Sec. 4176, Code 1915; Fisher, etc. R. Co. v. Staed R. Co., 159 Mo. 562, 62 S. W. 443; Gregg v. Loomis, 34 N. W. 355; Dillard v. Olalla Min. Co., 96 Pac. 678.

Abandonment of broker's employment is a defense which must be pleaded.

Kelly v. Stone, 62 N. W. 842; Scott v. Dillon, 109 N. Y. S. 877; Moore v. Boehm, 91 N. Y. S. 125.

The authority of the agent could be delegated.

Mechem on Agency, Secs. 314-333.

Ignorance of agent's efforts to procure customer does not affect right to commission.

4 R. C. L. 321; Graves v. Barnes, etc., 14 S. W. 256; Walker on Real Estate Brokers, Sec. 454; Sussdorff v. Schmidt, 55 N. Y. 319; Colonial Trust Co. v. Pacific Packing and Nav. Co., 158 Fed. 277.

### OPINION OF THE COURT.

ROBERTS, J.   Appellee sued appellant for a commission for effecting the exchange of a 160-acre tract of land belonging to the appellant near Greenfield, N. M., for certain land in Texas.   Appellee was a real estate broker engaged in business at Lake Arthur, N. M.   The jury returned a verdict for appellee in the sum of $450.   Motion for a new trial was filed and overruled, and judgment was entered upon the verdict, from which this appeal is prosecuted.

The original complaint consisted of two causes of action, stated separately; the first count being dismissed upon the trial.   The theory of the second count was that appellee, at the request of appellant, had found him a purchaser for the lands traded, and that the money demanded was a reasonable compensation for the services.   Appellant first argues that because appellee, at the time the property was first listed for sale, was a member of the firm of Holden & Jackson, which partnership was subsequently dissolved, that the contract of employment terminated.   It may be true that the original listing with Holden & Jackson did terminate, but as appellee thereafter continued with the knowledge, consent, and approval of appellant to endeavor to find a purchaser for the land, and appellant accepted such services, the question of the original listing of the land for sale or trade with Holden & Jackson becomes immaterial.   The second count of the complaint relied upon an implied contract for a reasonable commission established by usage and custom, and not upon any certain or definite contract to pay a commission.   The record discloses that practically the only point seriously contested was as to whether plaintiff was the procuring cause of the trade, and upon this issue the case was tried.

The next point urged is that the court committed error in not sustaining appellant's motion for a directed verdict at the close of plaintiff's case in chief, and also a like motion renewed at the close of all the evidence.   Disposition of this point requires a review of the evidence.   Jackson by correspondence and other methods from time to time endeavored to secure a purchaser or some one willing to trade

for appellant's land.  People came from time to time to
look at appellant's real estate but for divers reasons the
deal was not consummated.  Finally, appellee, by corre-
spondence with a real estate agent in Canyon City, Tex.,
succeeded in interesting a man named Bowen in appellant's
farm.  Bowen, at the suggestion of McClure, the Canyon
City agent, came to Dexter, N. M., and looked over the
farm belonging to appellant.  In Dexter they drew a con-
tract by which on stated terms, it was agreed that the trade
would be made.  Appellant had never seen Bowen's farm,
and the contract provided that he shuold have the right to
inspect Bowen's premises and five days' time within which
to exercise the right to trade or reject the proposed trade.
Jackson told appellant that, when he went to Canyon City,
if he did not like the proposed trade, McClure would show
him other farms and probably would be able to show him
something that would be satisfactory.  Appellee wired Mc-
Clure that appellant was going to Canyon City, and also
wrote him a letter in which he requested McClure in the
event the proposed trade was not consummated, to show ap-
pellant other lands listed with him.  Further at the time of
the conversation relative to the proposed trip to Canyon
City appellee informed appellant that, in the event he traded
with McClure for other lands, he would expect to receive
the usual commission, to which appellant made no reply.
Appellant went to Canyon City and called upon McClure.
McClure showed him the lands owned by Bowen and, as
these did not prove satisfactory to appellant, he exercised
his option under the contract and refused to trade.  Mc-
Clure then took appellant to see various other tracts of
land, with the result that a trade was fully consummated
with a man by the name of Trigg for certain land in Texas.
While there were other minor facts, it is upon the above
facts that appellee was or was not entitled to a commission,
and the determination of the question depends upon wheth-
er the above facts show that the efforts of the appellee were
the procuring cause of the trade.

[1]    The law is well settled that the agent is the pro-
curing cause when the sale is traced to his introduction of
the purchaser to the owner or principal.  See cases cited

in the note to the case of Hoadley v. Savings Bank of Danbury, 44 L. R. A. 321. Tested by this rule, we believe the above facts show that appellee was the procuring cause of the trade in question, for he introduced his principal to the agent of the owner of the lands in Texas with whom the trade was made. We can see no reason for a distinction between the introduction of the principal to the owner or to the agent of the owner. Here McClure was a broker employed by Trigg and many other people to sell and trade lands for them. Jackson introduced appellant to McClure, and it was by virtue of this introduction, and the efforts of Jackson, that the trade was made. The fact that Jackson was not present and had nothing to do with the trade, further than bringing the parties together, is of no moment. For the reasons stated, the court properly denied the motion for an instructed verdict, and submitted the issue to the jury.

[7] Appellant next complains of alleged error in the admission of a copy of a letter which Jackson testified he wrote appellant on the 6th day of March. Appellant denied having received the letter and failed to produce it. Appellee testified that he placed the original in a stamped envelope, addressed to appellant at his home postoffice, Dexter, N. M., and deposited the same in the United States postoffice at Lake Arthur. Under these facts, the court properly admitted the copy of the letter.

The sixth and seventh assignments of error complain of rulings as to the admission or rejection of certain evidence. The matters complained of, however, were immaterial matters, not affecting the substantial rights of either party, and require no further consideration.

[2] Error is assigned on account of the court's refusal to instruct the jury to the effect that, if Brower's exchange or trade was made independent of the services of Jackson, he would not be liable for a commission. The issue was as to whether Jackson was the procuring cause of the sale. If the testimony of some of the witnesses tended to show an independent sale by Brower, or a sale by some other agent, or other negative fact, it was merely evidence on the defendant's side of the issue. To say that the sale

was independent is merely another way of saying that the plaintiff was not the procuring cause of the sale. The court instructed the jury fully on the issue in the positive form, and it was not necessary for it to state the same thing in the negative form. In instruction No. 5, the jury was fully instructed as to the facts appellee was required to show by a preponderance of the evidence in order to be entitled to recover. In the case of State v. Belisle, 161 Pac. 168, we said:

"Courts are not bound to give instructions which, even if correct, are merely cumulative, and state in another form a 'proposition of law already given to the jury."

No error was committed by the court in refusing to give defendant's requested instruction No. 4, to the general effect that all previous negotiations were merged in the contract between Brower and Bowen, which gave Brower the right to examine the Bowen land and reject the contract within five days, and that by reason of the Bowen contract the employment of Jackson terminated, because there was no evidence justifying such an instruction.

[3] There was no error in refusing to give defendant's requested instruction No. 5, as the claimed revocation of the contract of employment by the elapse of time was not pleaded by the defendant and was not an issue. An affirmative defense, to be proved, must be pleaded (Kelly v. Stone, 94 Iowa, 316, 62 N. W. 842; Scott v. Dillon, 58 Misc. Rep. 522, 109 N. Y. Supp. 877); and where a broker finds a purchaser at the seller's terms, while still employed, the reasonableness of the time which he has taken is immaterial (Moore v. Boehm, 45, Misc. Rep. 622, 91 N. Y., Supp. 125). Further, in an action for broker's commission, an alleged abandonment of the broker's employment to sell is a matter of defense, which plaintiff is not bound to negative. Moore v. Boehm, supra. The case of Moore v. Boehm is very much in point on this question. It was a case where the employment was admitted and the issue was whether the employment had been terminated by notice. The defendant's request to submit to the jury the question whether plaintiff had procured a purchaser within a rea-

sonable time was refused. The evidence showed that plaintiff had procured a purchaser at the terms fixed some six months after his employment. The appellate court held that there was no error in the ruling, announced the principles already set out, and said:

"This rule results in better justice, since the broker should properly be apprised that a question as to the reasonableness of the time taken is to be raised, in order that he may be prepared with evidence as to the activity of the market, and other proof bearing upon the question, as related to the particular case. There being no defense of the abandonment, and the question of time having nothing to do with the single issue tendered upon defendant's part, * * * the instruction requested had no materiality to the issue, and defendant cannot assert prejudice."

[4] The court properly refused to give defendant's requested instruction No. 8, because there was no evidence to warrant it, and the same is true of his requested instruction No. 11.

[5] Appellant's requested instruction No. 13 was as follows:

"The court instructs the jury that, if the evidence shows that there was an agreement between the said plaintiff and one McClure that if any trade was made through the efforts of said McClure with a customer furnished to said McClure by said Jackson, that McClure was to receive a commission from the party he represented, and Jackson was to receive a commission from the customer so furnished, that said contract would impose no obligation upon a customer furnished for a particular trade, in the absence of fraud on the part of said customer, seeking to defeat a commission on the trade in contemplation by switching same, to pay a commission on another trade by another customer furnished by said McClure, unless the customer so furnished by said Jackson knew of the arrangement between said Jackson and said McClure as to commissions."

This instruction is an incorrect statement of the law. That the principal is ignorant of the efforts of his broker to procure a customer does not affect the broker's right to a commission. 14 R. C. L. 321; Graves v. Bains, etc., 78 Tex. 92, 14 S. W. 256; Walker on Real Estate Brokers, § 454; Sussdorff v. Schmidt, 55 N. Y. 319; Colonial Trust

Co. v. Pacific Packing & Nav. Co., 158 Fed. 277, 85 C. C. A. 539.

[**6**]   The last point urged is that the court erred in giving to the jury the instruction as follows:

"You are instructed that, when the owner makes a sale or exchange of real estate which he has placed in the hands of a real estate agent for that purpose, before said agent is entitled to recover a commission or compensation for said sale or exchange, he must show by a preponderance of the evidence that he was the procuring cause of said sale or exchange, and I charge in this case, if you find from the evidence that the defendant, D. M. Brower, actually made the exchange of the 160 acres of land described in plaintiff's complaint with one Trigg for certain lands in the state of Texas, then before the plaintiff, E. C. Jackson, can recover compensation for said exchange, it is incumbent upon him to satisfy you by a preponderance of the evidence that he was the agent of the defendant for the sale or exchange of defendant's said land, and that he was the procuring cause of said exchange, and that said parties were brought together, and that said exchange was brought about and was the result of services actually rendered by him, or those acting for him and in his behalf, or both, and if he has established these facts by a preponderance of the evidence, then he is entitled to a verdict in his favor."

Appellant's objection to this instruction is that it implies that a real estate agent can delegate his authority in a sale of his principal's property to another agent without his principal's consent. The general rule is that an agent in whom is reposed trust or confidence, or who is required to exercise discretion or judgment, cannot intrust the performance of his duty to another. 31 Cyc. 1425. But this general rule, however, does not prohibit a broker from employing others to perform a service involving no skill, discretion or exercise of judgment, a service peculiarly clerical or ministerial. See cases cited in note to case of Sims v. St. John, 43 L. R. A. (N. S.) 796. This instruction is not attacked upon the ground that there was no evidence warranting the giving of the same. Assuming that appellee employed others to show the Texas land to appellant, was this such an act as could not be delegated? This must be answered in the negative. Appellee had no power to fix the terms of sale, or do anything else other than bring to the appellant some one who was willing to trade upon terms

to be stated by appellant. Such being true, the instruction in question was not subject to the attack directed against it.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.