THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRED GRANO, Appellant.

Second Department, December 22, 1942.

*Harry G. Anderson* for appellant.

*Harry C. Brenner* (*Fred J. Munder, District Attorney,* with him on the brief) for respondent.

JOHNSTON, J. Defendant and one Long were jointly indicted for the crime of robbery in the first degree, committed at Smithtown, Long Island, about one-thirty A.M. on April 26, 1939. The indictment in separate counts charges the defendant and Long with the same crime but under different subdivisions of section 2124 of the Penal Law: (1) being armed with a dangerous weapon; (2) being aided by an accomplice actually present; and (3) being aided by the use of an automobile. Long was arrested in Brooklyn two days after the robbery. Defendant was apprehended at San Francisco on August 1, 1941. The trial was

severed as to Long. Defendant was convicted and sentenced to State prison as a second offender for a term the minimum of which is thirty and the maximum sixty years, and an additional sentence of not less than ten years was imposed pursuant to section 1944 of the Penal Law. Long, who had been convicted three times for larceny and robbery and at the time of the trial was a prisoner at the Dannemora State Prison, was a witness for the defendant. On cross-examination he admitted he had been convicted of robbery in Brooklyn in 1939. He was then asked if, in May, 1939, the defendant had not been jointly indicted with him for that offense. He replied the indictment was against him and John Doe. On defendant's motion the court struck out this testimony and instructed the jury to disregard it. In rebuttal the People called a police officer, who, over the objection of defendant, was permitted to testify that the indictment was against Long and defendant. This was error. However, in view of the fact that Long admitted he had been convicted of the crime for which he had been indicted and defendant admitted he previously had been convicted of grand larceny, the erroneous reception of this testimony could not have had any appreciable influence upon the verdict and may be considered harmless.

Long was arrested in the attic of his or his father's home in Brooklyn. The arresting officer testified that at the time of the arrest he found a shotgun in the attic. Defendant contends this testimony concerning the shotgun should not have been received because there was no proof that it belonged to Long or that it was the weapon used in the robbery for which defendant was convicted. This is true, but the shotgun was not received in evidence, nor was any further reference made to it and the testimony was received without objection on the part of defendant.

Defendant also complains that certain hearsay evidence was admitted. But the hearsay was brought out by defendant's counsel on cross-examination. Moreover, it was received without objection and no motion was made to strike it out, except in one instance, when defendant's counsel moved to strike out the testimony of the witness, and when the court asked if the motion was confined to the hearsay, counsel replied it was directed to the "entire testimony" of the witness. The motion was properly denied. The guilt of the defendant is palpable and was so convincingly proved that the alleged errors must be disregarded. (Code Cr. Pro. § 542.)

The judgment should be affirmed.

TAYLOR, J. (dissenting). A minimum sentence of forty years was imposed upon the defendant herein. The record discloses substantial errors, which were prejudicial to the defendant. The interests of justice require a new trial. There was error in permitting the People to show, in effect, that the defendant and one Long, a witness for defendant, had been previously indicted jointly in Brooklyn for robbery in the first degree. Long's cross-examination, in part (Sten. minutes, pp. 109–111), is as follows: " Q. And in that case in Brooklyn you were jointly indicted with the defendant Grano? Mr. Lipetz: I object to that as wholly prejudicial. I ask for a mistrial. Mr. Brenner: This is a witness, not the defendant. The Court: He said he didn't see him since 1936. It's a question of recalling to his mind whether or not he had seen Grano in the last few years, particularly in 1939. I will instruct the jury properly. Objection overruled. Mr. Lipetz: Exception. Q. Right, Long? A. I don't know. Q. Well you were tried and convicted of that crime of robbery, weren't you? A. I was. Q. And wasn't the man that was jointly indicted with you, Grano? A. I was indicted on a John Doe indictment. Bertram Long and John Doe. The Court: Were you the John Doe, or was your name mentioned as Bertram Long? A. Yes. The Court: And then John Doe after it? A. John Doe. Mr. Lipetz: I ask this be stricken out and the jury instructed to disregard it. The Court: Yes. Strike it out, and the jury will disregard the joint indictment."

The appellant's contention is that the court erred in permitting the People to show that he and Long previously had been thus jointly indicted, and that contention deals with the testimony above quoted and with that of Officer Buckley, called by the People in rebuttal. Buckley was shown a paper and asked what it was. Appellant's counsel objected. The objection was overruled. No exception was taken. The following then occurred (Sten. minutes, pp. 151–153): " A. This is a copy of an indictment charging the defendants Bertram Long and Fred Grano with the crime of robbery in the first degree. Mr. Lipetz: I object, and ask it be stricken out. It's not in evidence and there's nothing to connect it with the defendant. The Court: Do you know whether this is a copy of the original on file in the County Clerk's office in Kings County? A. This appears to me an exact copy of the copy that was in the District Attorney's office and the County Clerk's office. The Court: The only question is about it being a copy. Mr. Lipetz: He must see the original to know if it is a copy. I object to his reading from the document unless he saw the original and can identify it as an

exact copy. The Court: That's true. I sustain the objection. Q. I will ask this. Do you know whether or not there is, or was, an indictment pending in May of 1939 against Bertram Long and Fred Grano? The charge being robbery in the first degree? Mr. Lipetz: That's objected to. The Court: Objection overruled. A. I know for a fact there was an indictment filed against the two defendants. The Court: It's not a question of proving they were guilty, but on the credibility of the testimony offered here previously, when he said he was indicted with John Doe. Mr. Lipetz: The defendant didn't say that. Mr. Brenner: Your witness did. Mr. Lipetz: That was on cross-examination. The Court: It's just a question on the credibility of Long's testimony. Mr. Lipetz: I submit they are bound by what they brought out. The Court: Objection overruled. Mr. Lipetz: Exception. Q. And the indictment is against Bertram Long and Fred Grano, and not Bertram Long and John Doe? A. No sir. Against Bertram Long and Fred Grano.''

Manifestly the People were precluded from showing that the previous indictment for robbery in the first degree was against Long and the appellant. (*People* v. *De Garmo*, 179 N. Y. 130; *People* v. *Brown*, 265 App. Div. 153.) This proof the People were permitted to present over the objection of the appellant's counsel and consisted of the clearly incompetent testimony of Officer Buckley, above quoted. (Civ. Pr. Act, § 382; Code Cr. Pro. § 392.) The error becomes highly prejudicial because the defendant, while admitting that he knew Long, denied that he had seen him or had been in his company for three or four years. In this court, in the circumstances disclosed here, the omission of an express exception on the part of the appellant's counsel to a ruling under which Buckley's testimony was received, is of no moment. (Code Cr. Pro. § 527; cf. § 528.) Appellant's counsel's omission to except, in some places as above, was undoubtedly inadvertent. His constant attitude of protest in this phase indicates this. That attitude is such that an exception, where necessary, is implicit in the record, although not expressly taken. This view is fortified by certain express exceptions which were taken by him (Sten. minutes, pp. 110, 153).

In addition, where, as here, upon a trial an objection has once been distinctly raised and overruled, it need not be repeated to the same class of evidence; omission to repeat it is not a waiver (*Schutz* v. *Union Railway Co.*, 181 N. Y. 33, 36, and cases cited); and one exception to the same ruling is as good as two. (*Elenkrieg* v. *Siebrecht*, 238 N. Y. 254, 263.)

LAZANSKY, P. J., and CARSWELL, J., concur with JOHNSTON, J.; TAYLOR, J., in an opinion with which CLOSE, J., concurs, dissents and votes to reverse the judgment and to order a new trial.

Judgment of the County Court of Suffolk County convicting defendant of the crime of robbery in the first degree, as a second offender, affirmed.