### (May 19, 1948.)

JOHN F. BLIND, as Limited Administrator of the Estate of DORIS BLIND, Deceased, Respondent, v. ROCHESTER AERONAUTICAL CORPORATION, Appellant.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Plaintiff's intestate was killed when an airplane which she had hired from defendant, for a practice flight crashed to the ground shortly after the take-off. Recovery of damages

herein is based on plaintiff's claim that the airplane was not airworthy in that the turnbuckle at the central aileron control point was not properly assembled, thus making the plane unmanageable; and that a proper inspection would have disclosed the defect. To support this claim plaintiff's expert witnesses were permitted, over defendant's objections and exceptions, to state their opinion as to the "cause of the crash". In our view the reception of such evidence constituted prejudicial error. (*Dougherty* v. *Milliken,* 163 N. Y. 527; *Schutz* v. *Union Ry. Co.,* 181 N. Y. 33; *Welle* v. *Celluloid Co.,* 186 N. Y. 319; *Aubry* v. *Ashland Realty Co.,* 255 App. Div. 205; *Fearon* v. *New York Life Ins. Co.,* 162 App. Div. 560.) All concur. (The judgment is for plaintiff in an action for damages for the death of plaintiff's intestate, alleged to have resulted by reason of defendant having negligently rented to said intestate a defective airplane for flight purposes. The order denies a motion for a new trial.) Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.