NELS LARSON *vs.* HENRY SCHMAUS.

January 19, 1884.

**Complaint on Fully-performed Contract.**—Where the plaintiff in an action has fully performed an express contract on his part, he may state his cause of action for a balance due him substantially in form of the *indebitatus assumpsit* count under the old practice.

In the first cause of action stated in his complaint (and which is stated in the opinion) the plaintiff claimed $1,055. The second cause of action was for extra material, of the value of $23.75. He then

admits payments to the amount of $507, "upon account of the matter herein alleged," and asks judgment for $571.75.

The answer and reply as to the first cause of action are stated in the opinion, the contract set forth in the answer being signed and sealed by both parties. At the trial in the district court for Ramsey county, before *Simons*, J., the first cause of action was stricken out, on defendant's motion, on the ground that as the contract pleaded in the answer was admitted by the reply, no recovery could be had thereon under the pleadings, for want of any averment of compliance with its terms as to mode of payment. On defendant's objection, the court refused to admit evidence under the second cause of action, the complaint not showing anything due for extra work, giving plaintiff leave, however, to amend his complaint in this particular. The plaintiff declining to amend, the case was taken from the jury. A new trial was afterwards granted, and the defendant appealed.

*McMillan & Beals*, for appellant.

The contract being *under seal*, still subsisting, and containing conditions precedent, unperformed, no recovery could be had under the common counts. *Clark* v. *Smith*, 14 John. 326; *Weston* v. *Downes*, Douglas, 23; *Young* v. *Preston*, 4 Cranch, 239; *Hosley* v. *Black*, 28 N. Y. 438. As to contracts under seal, see *Mahoney* v. *McLean*, 26 Minn. 415; *Thomas* v. *Joslin*, 30 Minn. 388; *Westman* v. *Krumweide*, Id. 313.

It appears by the answer and reply that payment was to be made upon the performance of certain conditions precedent; that is, that orders drawn by plaintiff should be presented with all bills for material and stone-work, which the defendant should pay, deducting the amount from the contract price, and the "balance" only to be paid to plaintiff, "when the building is completed and ready for occupancy." This being the contract mode and time of payment, the complaint should aver a balance so due plaintiff, and that the building is completed, etc.

The complaint cannot be aided by the reply, (*Bernheimer* v. *Marshall*, 2 Minn. 61, (67;) *Tullis* v. *Orthwein*, 5 Minn. 305, (377;) *Webb* v. *Bidwell*, 15 Minn. 394, (479;) nor is it, for neither of them contains even the general statutory averment of performance of condi-

tions precedent, (Gen. St. 1878, c. 66, § 109,) and it is doubtful whether such an allegation would be sufficient in this case. *Wilson* v. *Clarke*, 20 Minn. 318, (367;) *Johnson* v. *Howard*, Id. 322, (370;) *Andreas* v. *Holcombe*, 22 Minn. 339; *Belt* v. *Stetson*, 26 Minn. 411; *Wangler* v. *Swift*, 90 N. Y. 38.

No cause of action on the contract is made out till plaintiff shows performance of all conditions precedent by himself and a breach by defendant. *Sennett* v. *Shehan*, 27 Minn. 328; *Gjerness* v. *Mathews*, Id. 320 ; and a time and mode of payment is as proper a subject of contract as a time and mode of building, and both exist in this case. *U. S.* v. *Robeson*, 9 Pet. 319, 326; *Ladue* v. *Seymour*, 24 Wend. 60. The defendant, to protect himself from liens, undertook to pay in a certain way what might be (and may still be) the entire contract price, and the balance, if any, on the happening of a certain event; and the plaintiff must allege that he drew orders for all bills, and that they were either paid or refused, show a balance coming to himself, and that the building was completed and ready for occupancy, or show some breach, before defendant can be called on even to defend the suit. He cannot know what bills plaintiff has incurred, but, under the contract, he is entitled to allegation and proof of them before judgment shall go against him.

The promise in the contract is not, in legal effect, a promise to pay plaintiff in cash. Whether he is to receive any money depends on the conditions already stated. *Estes* v. *Farnham*, 11 Minn. 312, (423;) nor is there any "legal identity" between the contract pleaded in the complaint and that admitted in the reply. Id. The proper mode of pleading in such a case as this is shown in *O'Connor* v. *Dingley*, 26 Cal. 11; *Adams* v. *Mayor*, 4 Duer, 295.

*O'Brien & Wilson*, for respondent, cited *Estes* v. *Farnham*, 11 Minn. 312, (423;) *Shartle* v. *City of Minneapolis*, 17 Minn. 284, (308;) *Paine* v. *Sherwood*, 19 Minn. 270, (315;) *S. C.* 21 Minn. 225; *Rollins* v. *St. Paul Lumber Co.*, 21 Minn. 5; *Jones* v. *Ewing*, 22 Minn. 157; *Lautenschlager* v. *Hunter*, Id. 267 ; *Farron* v. *Sherwood*, 17 N. Y. 227.

VANDERBURGH, J. This action is brought to recover a balance alleged to be due plaintiff for labor and services performed and materials furnished in and about the erection of a house for defendant,

at his request, and for the agreed price of $1,055. The defendant. alleges, in his answer, that the work was done under a special contract, which is fully set out, and which, among other things, contained the following stipulation : "Said Schmaus to pay all bills for material. and stone-work, upon an order being presented with said bills, drawn by said Larson, which amount said Schmaus is to deduct from said $1,055; the balance so remaining to be paid to said Larson when the building is completed and ready for occupancy." The answer also states that there is a large amount still due and unpaid for materials furnished to plaintiff and used in the erection of the building, and: that the premises are subject to mechanics' liens therefor. The reply admits the contract, but alleges that there are no outstanding bills. unpaid or liens in favor of third parties. Though the terms of the contract are not stated in the complaint, but the plaintiff declares. generally as for a balance due upon a completed contract, there is. nothing inconsistent with it in the reply, and there is no departure in the pleading.

The defendant insists that the complaint should have stated the terms of the contract, and specially alleged compliance with them. And it must be admitted that this would have been more in conformity with the strict rule of the code practice. Pomeroy on Remedies, § 544. But the complaint, though general in its terms, has all the elements of a good cause of action; and, in so far as the substance of the pleading is concerned, it should be held sufficient, especially, since, where the plaintiff has fully performed an express contract on his part, he may state his cause of action for the recovery of the amount due him substantially in the form of the *indebitatus assumpsit* count. *Higgins* v. *Newtown & F. R. Co.*, 66 N. Y. 604; *Ludlow* v. *Dole*, 62 N. Y. 617; *Hosley* v. *Black*, 28 N. Y. 438; Pomeroy on Remedies, § 543. And, if this be so, under the liberal interpretation: to be placed upon pleadings, it cannot be a substantial variance that, the agreed price is named. *Sussdorff* v. *Smith*, 55 N. Y. 319; *Scott* v. *Lilienthal*, 9 Bosw. 224.

There is nothing in the nature of the stipulation above quoted which bound the plaintiff to a literal compliance with its terms. He might himself furnish the materials and complete the contract at his.

own expense. It was not an essential condition that he should draw orders therefor as the work progressed; and if there are no liens, which we think is not to be presumed and which plaintiff denies, it is immaterial that he pay the balance unpaid after the work is all completed to plaintiff instead of to third persons. We think the pleadings fairly make up the issues between the parties so as to present the substance of the controversy, and that the trial ought to have proceeded upon the merits. Whatever questions there are in the case must arise upon the evidence, and not upon the pleadings. *Higgins* v. *Newtown & F. R. Co., supra.*

Order affirmed.