TIMOTHY G. VAUGHAN vs. JOHN McCARTHY.

Argued Nov. 22, 1894. Reversed Nov. 28, 1894.

No. 9119.

An agent to sell land may recover pay for his services, although not authorized in writing.

Where an agent employed to sell real estate brings suit to recover for services rendered, the action is not one in relation to the land itself, and therefore it need not be in writing, as required by Laws 1887, ch. 26, amending 1878 G. S. ch. 41, § 12.

Such agent may recover pay for his services although his principal had no title.

Where an agent is employed to sell land, and he finds a purchaser, who is ready, willing, and able to purchase it upon the terms given the agent by his principal, the contract of sale need not be in writing as a condition precedent to the agent's right to recover for his services, especially if the principal is unable or refuses to perform upon his part.

Tender of purchase money not necessary.

If a principal refuses to execute a deed pursuant to the terms of a sale made by his authorized agent, and notifies the agent that he will not execute such deed, neither the agent nor the purchaser is required to tender the purchase money before the agent can legally bring suit for his services in making sale of such land.

Contract construed.

The contract in this case construed to be one of agency, and not a sale of land.

Appeal by plaintiff, Timothy G. Vaughn, from an order of the District Court of St. Louis County, *Chas. L. Lewis*, J., made March 17, 1894, denying his motion for a new trial.

At Duluth on December 3, 1893, defendant John McCarthy employed the plaintiff to sell within fifteen days thereafter 1,400 acres of wild land in Washburn county, Wis., for one dollar per acre net to defendant, and agreed to pay him for his services all he should sell it for above that price. A memorandum of this contract was written out but was not signed. Plaintiff within the time found a purchaser, Lars Lenroot, able, ready and willing to pay three dollars per acre for the land and who entered into a contract of purchase and paid $420 upon the purchase price as earnest money, and

on December 16, 1893, tendered the residue and demanded a deed. Plaintiff notified defendant and demanded that he execute and deliver a deed, but defendant had no title and then so informed plaintiff, stating that he had expected to obtain title but had been disappointed. The earnest money was subsequently returned to the purchaser and plaintiff brought this action to recover $2,800 damages. After plaintiff's evidence was all given the Judge at defendant's request instructed the jury to return a verdict for defendant, holding the contract void under the statute, 1878 G. S. ch. 41, § 12, as amended by Laws 1887, ch. 26. The plaintiff excepted, moved for a new trial and being denied, appeals.

*John Jenswold, Jr.*, for appellant.

*Nethaway & Gillen*, for respondent.

BUCK, J. The defendant employed the plaintiff to sell certain land in the state of Wisconsin, and for that purpose wrote out an unsigned statement, as follows:

"Duluth, Minn., December 4, 1892. I hereby give T. G. Vaughan, for fifteen days from date hereof, entire control of selling, if possible, the following described real estate, or any part thereof, for the full price of one dollar ($1.00) per acre net to me, for which I agree to give a warranty deed within a reasonable time after sale is made, or after the payment of 10 per cent. earnest money."

Here follows a description of the land, amounting to 1,400 acres, more or less, and situate in Washburn county, in the state of Wisconsin. The writing was actually made on the 3d day of December, 1892, but, by mistake, dated December 4, 1892, the latter date being Sunday. While the writing is unsigned, yet it is not disputed but that it contains the terms of the verbal contract of employment between the parties. It was contended on the argument that this was an agreement to sell the real estate, and not one of agency for the sale of land. But this is clearly erroneous, and the terms of the writing show otherwise. In the brief of defendant's counsel it is claimed that a contract of this kind is void, under Laws 1887, ch. 26, amending 1878 G. S. ch. 41, § 12, requiring the authority of an agent for the sale of land to be in writing. This is not an action to enforce the conveyance of land made by an agent. It is not a suit brought by the purchaser for specific performance, or in relation

to the land itself.    The action is one to recover for services rendered by the agent himself, in selling or attempting to sell land of the defendant, and therefore the law of 1887 has no application to actions of this kind.

And, this being so, it is immaterial what the law of the state of Wisconsin is in regard to contracts for the sale of land,—whether they are required to be in writing or may rest in parol.

Within the time required by the contract, the plaintiff found a purchaser, who paid 10 per cent. of the purchase money, and stood ready, willing, and able to pay the balance on receipt of the deed from the defendant.    Plaintiff notified the defendant that he had found a purchaser, and requested him to make a deed to one John H. O'Neil, although it appears that he was not the purchaser, but that in fact one Lars Lenroot was the purchaser, or one who was ready and willing to purchase the land, and who furnished the earnest money, and was willing, able, and ready to furnish the balance of the purchase money, but, for certain reasons, he desired the deed to run to said John H. O'Neil.    The main point in the employment by defendant of plaintiff was that he should find a purchaser upon the terms indicated in the writing or contract, and we do not see how it was material as to whom the deed should run.    The defendant's rights would be in no way affected or impaired by the deed running to either O'Neil or Lenroot or some other party.    The defendant's object was to sell the land, and get his pay therefor, and whether this consideration came from one party or another could not affect the legal obligation of defendant to pay plaintiff for his services when he had performed his part of the contract.

There is no point raised in this action as to what plaintiff could recover for such services, but, whatever the rule of compensation, the plaintiff should have a right of recovery for some amount if he had performed his part of the contract, unless he failed to make such a contract of sale as to render his claim here nonenforceable.    The defendant did not own the land described in the writing at the time when he employed the plaintiff to sell it.    After the plaintiff notified the defendant that he had found a purchaser for the land, the defendant wrote him on the 11th of December, 1892, in answer, that it was "mixed" as to whether he could deliver the goods or not, meaning, as we gather from all the evidence, that it was uncertain

whether he could execute a deed to the purchaser with a good title. This is strongly confirmed by the defendant's letter to plaintiff, in which he says:

"Stillwater, Minn., Dec. 18, 1892.

"Friend Vaughan: I inclose letter from Mr. Flynn, of Pittsburgh, who, with Mr. Shoemaker, are the owners of these lands in 42–12. I am sorry it has occasioned you any inconvenience, for, as I told you in my last letter, I supposed the deed could not be sent to Shoemaker till that option expired, as they have been all summer getting it executed; and, when I got word from you that land was sold, I immediately called on them, but the deed was gone two days before. I may still be able to coax them to sell, and have written them to that effect. I will write you when I hear from them. What about 53–10? Can you do anything with it? Resp.,

"John McCarthy."

It is true that in his oral testimony he says that he got the deed in a week or two or three weeks after he made the contract with Vaughan, but he also testifies that he did not have it when he made the contract with the plaintiff. He also testified that if Mr. Vaughan had come around, and laid the money down, he would have delivered the lands, but that he would just as leave that he would not come around and that he would rather he would not come around, because there was an iron boom, and he would rather plaintiff would not have the lands. It will be noticed that the defendant's letter of December 18, 1892, was dated just fifteen days after the time he made the contract with Vaughan, and the sale was to be made within fifteen days.

When the parties to whom the plaintiff had engaged to sell the land found that they could not obtain the same from McCarthy, they withdrew their earnest money, and the purchase was never consummated. We do not think that it was necessary, in a legal point of view, for the contract of sale between Vaughan and the willing purchaser to be in writing. It was sufficient if the purchaser paid down the earnest money, as he did, and stood ready, willing, and able to pay the balance on delivery of the deed. Nor was it necessary for the plaintiff to seek the defendant, and tender him the earnest money or the full amount. He had notified defendant

that all of the conditions of the contract were ready to be performed on his part, and defendant's inability and refusal to perform, and his giving notice of such facts to plaintiff, were such a nonperformance on defendant's part as to constitute a cause of action against him.

The order denying a new trial is reversed, and new trial granted.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 60 N. W. 1075.)

Petition for rehearing denied Dec. 14, 1894.