D. L. REID, Appellee, v. C. B. McNERNEY, Appellant.

**Sale of land:** COMMISSION: EVIDENCE. Where a broker with whom property is listed for exchange on stated terms, brings the parties together and a satisfactory trade is effected through the agent's instrumentality, though on different terms, he is entitled to his commission; under the evidence the question of whether the exchange was effected by the agent was properly submitted to the jury.

*Appeal from Polk District Court.*— HON. A. H. McVEY, Judge.

WEDNESDAY, JUNE 14, 1905.

ACTION at law to recover a commission for finding a purchaser for defendant's property. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*McLennan & Brennan,* for appellant.

*J. L. Witmer,* for appellee.

DEEMER, J.— Plaintiff alleges that defendant listed with him certain lands in Union county, Iowa, to exchange for two named pieces of property in Des Moines, Iowa, and $2,500 in cash; that pursuant to his employment plaintiff brought the defendant and the agent for the Des Moines property together, and that through his (plaintiff's) efforts the exchange was consummated. He asked judg-

ment for the reasonable value of his services. Defendant denied these allegations, and on the issues so tendered the case went to a jury after the trial court had overruled defendant's motion for a directed verdict. For a reversal of the judgment rendered on the verdict of the jury defendant relies upon alleged errors of the trial court, which, so far as important, we shall now consider.

It is contended that defendant's motion for a directed verdict should have been sustained, and that the verdict is without support in the evidence, for that there is not sufficient testimony to establish the claim made in the petition. Without setting forth the evidence, it is sufficient to say that we find enough to justify the submission of the case to a jury. There was, it is true, a decided conflict in the testimony, but it was for the jury to determine the facts. The instructions are complained of because they did not confine the issues to the exact property in Des Moines which plaintiff claims he was to procure for the defendant by exchange. While brief, we think the instructions do cover this point in such a way that the jury could not have been misled into trying a case not made by the pleadings. If we are to believe the plaintiff, defendant first listed his land with him without any agreement as to what particular property the defendant was to receive in exchange therefor. In view of this arrangement plaintiff called defendant's attention to many pieces of property in Des Moines, but not until the two which were finally accepted were pointed out was there any agreement as to specific property. When these were shown, defendant, according to plaintiff's story, then made a definite proposition for an exchange, and plaintiff thereupon brought the agent for this Des Moines property and the defendant together, and they thereupon consummated an exchange which was satisfactory to the defendant. Plaintiff was not the agent for the Des Moines property, and received no compensation from the owner thereof for his (plaintiff's) part in the exchange. If he

was the agent of any one, it was for the defendant. A definite proposition was made by the defendant for the exchange of his property in Union county for the particular property in Des Moines; plaintiff says to the end that he, as agent, might submit the same to the owner of the Des Moines property, while defendant says that it was made to plaintiff as the representative of the owner of the Des Moines property. There is no doubt that the agent of the Des Moines property was introduced to the defendant by the plaintiff, and that an exchange of properties was made. Under such circumstances it was for the jury to say whether or not the exchange was, in the language of the instructions given by the trial court, "effected by the plaintiff." The exchange was not in exact accord with defendant's proposition; that is to say, defendant did not receive $2,500 in cash in addition to the Des Moines property. He did receive, however, $1,500 in cash, and in addition thereto he kept and retained the rents and the possession of his Union county land down until March, 1904. The exchange was agreed upon and finally consummated in February or March of the year 1903, and there is no showing as to the value of the rentals reserved. But, however this may be, an exchange was made which was entirely satisfactory to the defendant. In such cases the broker, if the procuring — the efficient — cause of the exchange, is entitled to his commission. *Welch v. Young,* 79 N. W. Rep. 59; *Grether v. McCormick,* 79 Mo. App. 325; *Henry v. Stewart,* 85 Ill. App. 170; *Hubachek v. Hazzard,* 83 Minn. 437 (86 N. W. Rep. 426); *Hafner v. Herron,* 165 Ill. 242 (46 N. E. Rep. 211).

No error appears, and the judgment is *affirmed.*