C. C. CLEMENTS v. THOS. STAPLETON, Appellant.

**Sale of land on commission.** Under a contract to produce a purchaser for real estate, a broker is entitled to his commission when he has furnished a customer, able and willing to buy the property on the terms of sale; and when there is a conflict in the evidence as to the terms of sale the verdict of the jury will not be disturbed.

**Same:** ABANDONMENT OF CONTRACT: BURDEN OF PROOF. The burden of proving an abandonment or revocation of an agreement to pay a commission for finding a purchaser for real estate is upon the defendant seeking to avoid the contract.

**Instructions:** STATEMENT OF ISSUES. In submitting a case a statement of the issues with sufficient fullness to advise the jury of the precise questions in dispute is all that is required.

**Abandonment of agreement:** EVIDENCE. That the agent continued his efforts to dispose of plaintiff's property is competent on the question of his having abandoned his agreement to find a purchaser.

**New trial:** NEWLY DISCOVERED EVIDENCE. Unless the newly discovered evidence offered in support of a motion for new trial is of a character calculated to produce a different result the motion should not be granted.

*Appeal from Iowa District Court.*—HON. O. A. BYINGTON, Judge.

THURSDAY, OCTOBER 24, 1907.

SUIT to recover a commission for finding a purchaser for the defendant's property. Trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*C. Hedges* and *Thos. Stapleton,* for appellant.

*J. B. Murphy,* for appellee.

SHERWIN, J.— The plaintiff was a real estate broker, and brought this suit to recover a commission which he alleged the defendant agreed to pay him if he would produce a person who would exchange other property for the defendant's property, or would buy said property, in either case, " on terms and at a value to be acceptable to the defendant." The appellant pleaded the employment of the plaintiff as his agent to effect a sale or exchange of his property, but on somewhat different terms than those alleged by the plaintiff. Defendant also pleaded a mutual abandonment of the relationship between him and the plaintiff, and that the sale of his property thereafter was without any procurement on the part of the plaintiff.

The appellant's principle contention for reversal is based on the proposition that the verdict has so little support in the evidence that it should not be permitted to stand. There was a sharp conflict in the testimony of the

1. SALE OF LAND ON COMMISSION.

parties as to the real terms of the contract; so much of a conflict that we cannot say as a matter of law that the verdict is not sufficiently supported without overruling an unbroken line of decisions. If the jury was satisfied that the agreement was that the plaintiff produce a purchaser for the property, the plaintiff was entitled to his commission when he produced a customer who was able and willing to buy the property and to whom the defendant did in fact sell. *Reid v. McNerney,* 128 Iowa, 350; *Kelly v. Stone,* 94 Iowa, 316. That the plaintiff did in fact bring together Mr. Lewis, who bought the property, and the defendant, is admitted by the defendant. In other words, it is admitted that Mr. Lewis was induced to apply to the defendant through the agency of the plaintiff. It is urged, however, that negotiations were abandoned by both Mr. Lewis and the defendant, and that their resumption constituted an entirely different transaction. This was a question for the jury under the evidence, and, guided by proper instructions on the subject, it found against appellant's contention.

Exception is taken to an instruction placing on the defendant the burden of proving an abandonment of the contract of agency with the plaintiff. The instruction an-

**2. SAME: abandonment of contract: burden of proof.** nounced a correct rule. The agency was shown to exist, in fact it was admitted during the first negotiations between Lewis and the defendant, and hence it was incumbent on the latter to plead and prove an abandonment or revocation thereof. *Kelly v. Stone, supra; Heusinkveld v. Insurance Co.,* 106 Iowa, 229; 7 Current Law, 478.

Complaint is made of the instructions treating of the question of abandonment, but we find no occasion for criticism. They followed the thought of the defendant as indi-

**3. INSTRUCTIONS: statement of issues.** cated by his pleadings and were full and fair. No just exception can be predicated on the statement of the issues in the instructions. They were stated with sufficient fullness to advise the jury of the precise questions in dispute between the parties, and nothing more is required.

There was no error in the rulings on the admission of testimony which requires a reversal of the case. The statement of the plaintiff that he continued his efforts to dis-

**4. ABANDONMENT OF AGREEMENT: evidence.** pose of the defendant's property was competent on the question whether he had abandoned his contract; but, in any event, no reversal should be based on the ruling.

There was no error in overruling the motion for a new trial on the ground of newly discovered evidence. The final showing on the question left it a matter of doubt whether

**5. NEW TRIAL: newly discovered evidence.** the witness whose testimony was sought would testify as the defendant claimed he would, or furnish any evidence except such as would have been purely cumulative. A new trial on the ground of newly discovered evidence should not be granted under any circumstances, unless such evidence is of a character calculated to produce, a different verdict. *Oberholzer v. Hazen,*

101 Iowa, 340. And, in any event, the motion is addressed to the sound discretion of the court, and should not be granted unless a meritorious case is clearly shown. *Harber v. Sexton,* 66 Iowa, 211; *Carpenter v. Brown,* 50 Iowa, 451.

The judgment is *affirmed.*