R. L. McFarland, Appellant, v. W. J. Boucher.

Brokers: EXCLUSION OF EVIDENCE: HARMLESS ERROR. In this action
1   to recover a commission for finding a purchaser for land, defended on the ground of abandonment of the agency, the exclusion of plaintiff's testimony that he solicited others to purchase was not erroneous, as at the time it was offered no evidence of abandonment had been adduced and the excluded evidence therefore had no relevancy. But even if the ruling was erroneous it was not prejudicial, as the witness was subsequently permitted to testify to that fact.

Same: AGENCY: TERMINATION: BURDEN OF PROOF: INSTRUCTIONS. To
2   entitle a broker to a commission for finding a purchaser for land he must establish the fact that the purchaser was found during

the existence of the agency; but when the agency has been established the owner has the burden of showing its abandonment prior to the production of a purchaser.

**Same.**    Failure to instruct on the subject of abandonment of the agency was not erroneous, where there was no request for such an instruction, and those as given by the court were correct.

**Agency:** DURATION. When the duration of a broker's agency is not fixed it will continue for a reasonable length of time.

**Agency:** ABANDONMENT: EVIDENCE. Where a broker after repeated efforts to find a purchaser stated to the owner that he could not sell the place it indicated an abandonment of the agency.

*Appeal from Hardin District Court.*—Hon. C. G. Lee, Judge.

Monday, January 13, 1912.

Action to recover commission for finding purchaser of land resulted in verdict for defendant, on which judgment was entered. The plaintiff appeals.—*Affirmed.*

*Lundy & Wood,* for appellant.

*Williams & Huff,* for appellee.

Ladd, J.—In June, 1909, the defendant sold his farm to Frank Sheldon. Plaintiff claims that he found the purchaser, and in this action sought to recover a commission as agent for so doing. This was denied by defendant, who, while admitting that plaintiff had been his agent for that purpose, contended that such agency had terminated prior to the sale. That plaintiff first directed Sheldon's attention to the land in November, 1908, is undisputed, but his testimony that he again spoke to him in March or April, 1909, is contradicted by Sheldon. Plaintiff testified that in November, 1908, shortly before his vacation of fifteen days as United States mail carrier, he had a conversation

with defendant, in which the latter wanted him to find a purchaser for his farm at $82.50 per acre, and said he would pay him $1 per acre as commission, if he found one, to which plaintiff responded that he would see what he could do for him; that he would have his vacation, and could put in a little time at that, and would see if he could find a buyer; that during his vacation he had several parties out to look at the land; that several days after he had resumed work, defendant, at his suggestion, reduced the price to $80 per acre; that defendant spoke about listing the land with others, whereupon plaintiff suggested he had done much work in conection therewith, and should have the exclusive sale for another week, and after that he would not object to putting it in another agent's hands; also that this was agreed to. The conditions of employment were not disputed, save that defendant testified to fixing the terms of sale at $500 cash and balance on March 1st; and, further, that in a conversation after vacation, plaintiff had said he had one more customer to whom he might sell, and asked that the price be reduced; that defendant agreed to take $80 per acre for the next few days; and that plaintiff came around a few days later, and said, " Well, I can't sell the place."

I.   To the inquiry, "What else did you do in finding a purchaser for this land?" the plaintiff answered, "I solicited a good many other people." The answer was stricken out on motion. Counsel argue that the evidence was admissible as tending to show plaintiff had not abandoned the agency. See *Clements v. Stapleton,* 136 Iowa, 137. No evidence of abandonment had then been adduced, and, even, if it had been, there was nothing to indicate that the solicitations were subsequent to the alleged abandonment. There was no error; but, even if there was, the witness was allowed to testify subsequently of having talked to Sheldon and

1. Brokers: exclusion of evidence: harmless error.

shown the place to another, and the ruling was without prejudice.

II.   In the second instruction, the court told the jury that the burden was on plaintiff to prove his cause of action as alleged; and in the third instruction that if the plaintiff had shown by a preponderance of the evidence "that while said employment as agent continued, one Sheldon was induced to apply to defendant to purchase said farm," and as a result of negotiations, had purchased it, plaintiff was entitled to recover; but if the agency had terminated prior to that time, a verdict should be returned for defendant.   This was correct, for the purchaser must have been found during the existence of the agency, and if so shown by a preponderance of evidence, this would suffice. Neither instruction can be construed as casting the burden of proof on plaintiff to negative the alleged abandonment of the agency.   As contended, agency having been proven, the burden was on defendant to show that it was subsequently abandoned.   *Clements v. Stapleton, supra.*

*2. Same: agency: termination: burden of proof: instructions.*

The jury was not instructed on the subject of abandonment, but, as the instructions given were correct, the omission to instruct on the burden of proof in this particular, in the absence of a request, was not error of which appellant may be heard to complain.   *Harvey v. City of Clarinda,* 111 Iowa, 528; *Kid v. Pill & Medicine Co.,* 91 Iowa, 261; *Martin v. Davis,* 76 Iowa, 763.

*3. Same.*

III.   Instruction 3½ is criticised.   It is said the court erred in saying that if the period of the agency was not fixed, it would continue for a reasonable time.   The rule was held to be as stated in the instruction in *Harris v. Moore,* 134 Iowa, 704.

*4. Agency: duration.*

The court also told the jury that, if "the plaintiff told defendant that he couldn't sell the place, or that in sub-

stance, and the defendant understood from such conversa-
tion that plaintiff had abandoned the agency,
and plaintiff did not, with defendant's knowl-
edge, make further efforts to sell said premi-
ses, then said agency would be terminated." According to
plaintiff's testimony, all he had undertaken was to "put
in a little time" and "see if he could find a purchaser."
If so, then a statement, if made by him, after repeated
efforts, that he could not sell the place, plainly indicated
that he had given up the attempt, and plaintiff had the
right so to understand, and the court was not in error in
so advising the jury.

5. AGENCY: aban-
donment: evi-
dence.

The criticism of the fourth instruction is so manifestly
unfounded that no consideration is required. The judg-
ment is *affirmed*.