## JACOB GOLDMAN v. ISADORE WEISMAN and Others.[1]

November 14, 1913.

Nos. 18,248—(63).

**Broker — striking out evidence.**

1. Action of the trial court in striking plaintiff's evidence of perform-

[1] Reported in 143 N. W. 983.

---

Note.—On the question whether broker's right to make sale of property is exclusive of the owner's right, see notes in 24 L.R.A.(N.S.) 279 and 40 L.R.A. (N.S.) 1142.

The authorities on the liability of an owner upon revoking authority of real estate broker employed for definite period are collated in a note in 38 L.R.A. (N.S.) 366.

ance of a contract of agency to sell lands, on the ground that there was. no evidence of production of purchasers ready, able, and willing to buy on. defendants' terms, *held* error; there being evidence tending to show that plaintiff had secured such customers and was ready to produce them, when defendants, without just reason or excuse, repudiated the contract.

**Termination of agency affirmative defense.**
2. Termination of a revocable agency to sell land, by sale made by the principal before performance by the agent, is an affirmative defense, which need not be negatived by plaintiff in order to make out a prima facie case.

**Admission by defendant.**
3. Plaintiff's testimony that defendants, in repudiating the contract, stated the land had been sold, was not substantive evidence of the fact.

**Allegations in issue.**
4. A defense cannot be made out merely upon allegations of the complaint when the same have been put in issue by denials.

**Measure of damages.**
5. The measure of damages, under the issues, for the principal's breach of the contract, *held* to be the loss incurred by the agent on all sales actually made, not exceeding, however, the stipulated commissions specified in the contract.

Action in the district court for Hennepin county to recover $3,000 as commissions earned under a certain contract. The case was tried before Steele, J., who granted defendants' motion to strike out all the testimony offered by plaintiff under his second cause of action to recover for commissions or for services alleged to have been performed in the sale of real estate, except so much of that testimony as related to an alleged sale of 20 acres, and a jury which returned a verdict of $100 in favor of plaintiff. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*Richard & Coe,* for appellant.

*Edwin C. Garrigues* and *Wright & Matchan,* for respondent.

PHILIP E. BROWN, J.

The complaint contains two causes of action. We are concerned only with the second. It alleges an agreement between the parties whereby plaintiff undertook to sell lands for defendants, for a stipulated commission; performance, and failure of defendants to pay;

also repudiation by them after plaintiff's performance, and resulting damages. Defendants denied all claims except the making of the contract. At the beginning of the trial plaintiff, under direction of the court, elected to stand upon his claim of damages. When he rested in chief, the court struck out practically all the evidence adduced to show performance, and, upon a case settled, after verdict and denial of a motion for a new trial made on the minutes, he appealed from the order.

1. On December 22, 1908, the parties entered into a contract concerning the sale of Texas lands which the defendants were endeavoring to sell, whereby it was substantially agreed that plaintiff would act as defendants' agent in obtaining customers, for a specified commission payable on consummation of sales, plaintiff to have no power to obligate defendants except as to commissions, which were to be in full for all services rendered, nor to receive any moneys from purchasers, the same to be sent directly by them to defendants, and the latter to be in no wise bound until receipt thereof, when contracts were to be executed. The contract was not limited as to time.

The evidence stricken tended to show the following: Plaintiff solicited sales of the lands and succeeded in interesting prospective purchasers, which he reported to defendants, receiving their assurance that such sales would be satisfactory. All purchases, however, were conditioned upon plaintiff's promise to make personal inspection of the lands, in order that the buyers might be assured that the same were as represented in defendants' circulars. He did so, reporting favorably, and subsequently advised defendants that his customers were ready to close on defendants' terms, whereupon they informed him that the lands had been sold in bulk, repudiated and terminated the contract, and refused to pay him commissions or for services. Plaintiff also offered evidence of the value of the services performed. The motion to strike was granted on the ground that there was a failure to prove production of purchasers ready, able and willing to purchase unconditionally on the terms specified in the contract. In so doing, the effect of the testimony was either overlooked or underestimated, which, though, in the ab-

sence of a settled case, might easily happen upon such a record as here presented, resulted in error. It is argued that Baars v. Hyland, 65 Minn. 150, 67 N. W. 1148, justified the ruling because plaintiff failed to put his principal into communication with the proposed purchasers, within the rule there announced; but that case involved a different state of facts and is not controlling. The requisites of a broker's right to commissions are well stated in McDonald v. Smith, 99 Minn. 42, 44, 108 N. W. 290, 291, 292, where, among other things, it is said:

"It is not necessary that the principal and the purchaser actually be brought face to face, but the principal must be notified that such purchaser has been found and afforded a full opportunity to make a binding contract for the sale of the land on the authorized terms."

In the present case, when plaintiff advised defendants that his customers were ready to buy on defendants' terms, after having theretofore agreed so to do, defendants' refusal to contract, without just reason or excuse, and their repudiation of the agreement with plaintiff, breached the contract and dispensed with the necessity of production of buyers; thus making a prima facie case for recovery of all damages approximately resulting from the breach, which, under the issues in this case, would be the loss occurring on all sales actually made, not exceeding, however, the stipulated commissions specified in the contract. Emerson v. Pacific Coast & N. Packing Co. 96 Minn. 1, 104 N. W. 573, 1 L.R.A. (N.S.) 445, 113 Am. St. 603, 6 Ann. Cas. 973; Fairchild v. Rogers, 32 Minn. 269, 20 N. W. 191; Sackman v. Freeman, 130 Mo. App. 384, 109 S. W. 818; Mansur v. Botts, 80 Mo. 651, 655. Actual bringing forward of prospective purchasers under the circumstances would have been idle ceremony, and the law does not require useless acts.

The credibility of the testimony was for the jury.

2. Nor can the result reached be avoided by defendants' claim that the agency was not exclusive and did not preclude them from selling the lands by their own efforts. Undoubtedly a sale by them might have been a complete defense, but such was defensive matter (Rothschild v. Burritt, 47 Minn. 28, 30, 49 N. W. 393; Clements

v. Stapleton, 136 Iowa, 137, 113 N. W. 546), and not pleaded. Moreover the only evidence in this regard related to statements claimed by plaintiff to have been made to him by one of defendants. This was, at most, a mere admission which whatever its effect if invoked as such against the defendants was not available as substantive evidence to establish the fact. As applied to this case, it was proof only that such statement had been made. This conclusion cannot be doubted when we consider that, subsequently to the granting of the motion to strike, it appeared from the testimony of one of defendants, with nothing to the contrary, that at the time of repudiation of the contract, and for a long time thereafter, defendants had not sold the lands and were in a position to dispose of them to plaintiff's customers. The averment in the complaint to the effect that defendants disposed of the lands after plaintiff obtained purchasers, even if given broader effect than it is entitled to, does not aid defendants; for it was denied in the answer. A defense cannot be made out merely upon allegations found in the complaint when the same have been put in issue by denials. Mosness v. German American Ins. Co. 50 Minn. 341, 347, 52 N. W. 932. The denial offsets the allegation.

Order reversed.