CHARLES HORNE *vs.* MARTIN RICHARDS, Applt.

Oxford.    Opinion March 18, 1915.

*Assumpsit.    Breach of Contract.  _Exceptions.    Quantum Meruit.    Special Contract.    Under Seal.    Written Contract.*

The parties in this case entered into a written contract under seal in which plaintiff agreed to haul and load on cars all of defendant's wood cut on Mason lots, so-called, for $1.00 per cord, and defendant agreed to pay the price specified and to swamp the road through and by the wood cut and piled, and to help swamp any roads of over ten rods in length.   After hauling 71 cords of the wood, it became impossible for him to continue to perform his part of the contract, because of the unjustifiable neglect and refusal of the defendant to perform his part of the contract.

*Held:*

1.   If a special contract is at an end, having been terminated by the unjustifiable act of the defendant, or by any means other than the voluntary refusal of the plaintiff to perform the same upon his part, and the defendant has actually received benefit from labor performed or materials furnished by plaintiff, the latter may recover the value of such labor and materials in indebitatus assumpsit upon a count for quantum meruit.

2.   If the plaintiff's claim was established in fact, that after he had hauled a part of the wood it became reasonably impossible for him to perform the rest of the contract on his part, because of the unjustifiable neglect and refusal by the defendant to perform his part of the contract, then the plaintiff was justified in regarding the special contract as at an end.

3.   Therefore, the plaintiff was entitled to recover of the defendant in indebitatus assumpsit upon a quantum meruit the value of the work he had done, of which the defendant had received the actual benefit.

4.   In proving the cause of action as laid in indebitatus assumpsit, the special contract necessarily became competent and material to be put in evidence, and its terms referred to, in order that it might be determined by the jury if it was at an end without the plaintiff's fault but on account of the unjustifiable default of the defendant to perform his part of it.

On motion and exceptions by defendant.  Exceptions and motion overruled.

This is an action of assumpsit on an account annexed and a count upon a quantum meruit, to recover for hauling and loading on cars 71 cords of wood.  The verdict was for plaintiff for $63.67.  The defendant excepted to certain rulings and instructions of the presiding Justice, and filed a general motion for a new trial.

The case is stated in the opinion.

*Lucian W. Blanchard,* for plaintiff.

*Albert Beliveau,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

KING, J.  Assumpsit on an account annexed containing a count upon a quantum meruit to recover for hauling and loading on cars 71 cords of wood.  The verdict was for $63.67, and the case comes up on defendant's exceptions and motion for a new trial.

The case shows that the parties on November 28, 1912, entered into a written contract under seal whereby the plaintiff agreed to haul and load on cars all of the defendant's wood cut on the Mason lots, so-called, for $1.00 per cord, and the defendant on his part agreed to. pay the price specified for the work and in addition "to swamp the roads through and by the wood cut and piled, and furthermore agrees to help swamp any roads of over ten rods in length."

The plaintiff claimed, and introduced evidence tending to show, that after hauling and loading the 71 cords it became impossible for him to continue longer in an attempt to perform his part of the contract because of the unjustifiable neglect and refusal of the defendant to . perform his part of the contract, particularly that part requiring him to swamp the roads.

1.  THE EXCEPTIONS.

The defendant contended at the trial that the plaintiff's cause of action, if any, was for a breach of the written contract, and, as that was under seal, that his action should have been brought in debt or covenant and not in indebitatus assumpsit; and, further, that in this action of assumpsit the contract under seal was not admissible, nor any evidence tending to show a breach of it by the defendant.  All

of the exceptions center about those contentions, and they need not be separately considered. Necessarily they will all stand or must all fall together.

If a special contract is at an end, having been terminated by the unjustifiable act of the defendant, or by any means other than the voluntary refusal of the plaintiff to perform the same upon his part, and the defendant has actually received benefit from labor performed or materials furnished by the plaintiff, the latter may recover the value of such labor and materials in indebitatus assumpsit upon a count for a quantum meruit. *Wright* v. *Haskell*, 45 Maine, 489, 492; *Poland* v. *Brick Co.*, 100 Maine, 133; *Hilton* v. *Hanson*, 101 Maine, 21; *Moulton* v. *Trask*, 9 Met., 577; *Fitzgerald* v. *Allen*, 128 Mass., 232, 234; *Bailey* v. *Marden*, 193 Mass., 277, 279.

If, therefore, the plaintiff's claim was established in fact, that after he had hauled a part of the wood it became reasonably impossible for him to perform the rest of the contract on his part because of an unjustifiable neglect and refusal by the defendant to perform his part of the contract, then the plaintiff was justified in regarding the special contract as at an end, and was entitled to recover of the defendant in indebitatus assumpsit upon a quantum meruit the value of the work he had done of which the defendant had received the actual benefit. And that is the action the plaintiff brought. It is not an action for damages for a breach of the special contract, but an action for the value of the plaintiff's services performed for the defendant under such circumstances as entitle him to recover therefor upon a quantum meruit.

Those services were performed under the special contract, but the plaintiff claimed that contract was at an end because of the defendant's default. Therefore, in proving the cause of action as laid in indebitatus assumpsit the special contract necessarily became competent and material to be put in evidence, and its terms referred to, in order that it might be determined by the jury if it was at an end without the plaintiff's fault but on account of the unjustifiable default of the defendant to perform his part of it. And it was offered and admitted for that purpose only, and the jury were so instructed. We think it may also have been material upon the question of the real value to the defendant of the plaintiff's services.

In the opinion of the court the rulings and instructions complained of were in accordance with well settled principles, and unexceptionable.

2.  THE MOTION.

Upon the vital issue of fact in the case, whether the plaintiff was prevented from performing his part of the contract on account of an unjustifiable neglect and refusal of the defendant to perform his part, the evidence was conflicting. That issue was clearly presented to the jury. The weight and effect of the evidence was for them to pass upon, and it does not appear to the court that their finding was manifestly unwarranted by the evidence.

*Exceptions· and motion overruled.*