C. O. BOYDSTUN AND ANOTHER v. HACKNEY LAND CREDIT
COMPANY AND OTHERS.

L. S. HACKNEY, APPELLANT.[1]

April 30, 1920.

No. 21,720.

**Plaintiff may recover agreed price upon a count for services performed.**

1. Under a complaint in the form of a common count in indebitatus assumpsit for services performed, a recovery may be had for the agreed price of services rendered under a completed contract, and under such a count a recovery may be had for the reasonable value of services in the performance of an entire contract the completion of which is prevented by the defendant.

**Action for services of broker — modification of contract.**

2. The evidence in an action to recover for services in the sale of lands sustained the finding of the jury that an entire contract for the sale of a large tract was modified, so that the plaintiffs were to have compensation at an agreed price per acre upon a sale of any tract, though the whole tract which was the subject matter of the contract was not sold.

**Rescission of contract without reason — recovery of reasonable value.**

3. Conceding that the modification was only to the effect, as claimed by the defendant, that individual sales were to be closed when made, but that the plaintiffs were to have no compensation, unless they finally sold the entire tract, the evidence required a finding that the defendant terminated the contract without right, and the plaintiffs were then entitled to recover the reasonable value of the services which they rendered.

Action in the district court for Ramsey county to recover $2,050 for services as brokers in exchange of real estate. The case was tried before Dickson, J., who at the close of the testimony granted defendant's motion to dismiss the action as to defendants Hackney Land Credit Company and W. L. Hackney, and a jury which returned a verdict for $2,-112.21. From an order denying his motion for a new trial, L. S. Hackney appealed. Affirmed.

[1] Reported in 177 N. W. 779.

*Eugene Bryan* and *C. C. McElwee,* for appellant.
*Morphy, Bradford & Cummins,* for respondents.

QUINN, J.

Action to recover for services performed by plaintiffs for the defendants in the sale of certain lands. The action was dismissed as to the Hackney Land Credit Company and W. L. Hackney. The court instructed the jury that the plaintiffs were entitled to a verdict against the defendant L. S. Hackney, either upon contract price or for reasonable value. The defendant appeals from the order denying his motion for a new trial.

1. The complaint alleges "that the defendants above named and each of them are indebted to said plaintiffs in the sum of twenty-four hundred ($2,400) dollars for services rendered and performed by said plaintiffs for said defendants at their special instance and request as brokers in the sale of the real estate hereinbefore described between the first day of January, 1917, and the first day of September, 1918." This is substantially the form of a common count in indebitatus assumpsit for services rendered and is a sufficient pleading. Larson v. Schmaus, 31 Minn. 410, 18 N. W. 273; Solomon v. Vinson, 31 Minn. 205, 17 N. W. 340; Guthrie v. Olson, 32 Minn. 465, 21 N. W. 557; Dunnell, Minn. Pl. §§ 1377, 1777; Pomeroy, Code Rem. Star §§ 542-544; 2 Enc. Pl. & Pr. 1008; Gould, Pleading (6th ed.) 48. Under such a count a recovery may be had for services performed under a completed contract. Larson v. Schmaus, 31 Minn. 410, 18 N. W. 273; 2 Enc. Pl. & Pr. 1009; Pomeroy, Code Rem. Star, § 543. And a recovery may be had for the reasonable value of services rendered under an entire contract when completion is prevented by the defendant. Horne v. Richards, 113 Me. 210, 93 Atl. 290; Mitchell v. Scott, 41 Mich. 108, 1 N. W. 968; Hayward v. Leonard, 7 Pick. 180; 2 Enc. Pl. & Pr. 1010; Perry, Com. Law Pl. 88, 89.

2. The defendant L. S. Hackney was the owner of 7,000 acres of land in Burleigh county, North Dakota. In 1918 he entered into a contract with the plaintiffs, whereby, if they sold the land at $28 per acre, they were to have $5 per acre for their services. The contract was entire. They were unable to carry out the contract. The contract was then

modified. There is a dispute as to terms of the modification. The plaintiffs claim that as they sold a tract the sale was to be closed by the defendant, and that they had then earned their commission for the sale of such tract, regardless of whether they sold other tracts. The defendant claims that individual sales were to be closed when made, but that no commissions were earned unless the entire tract was sold. The evidence supports the plaintiffs' claim as to the nature of the modification of the contract. The plaintiffs were unable to carry out the original contract. Concededly it was modified. The defendant's brother went to Illinois and met the plaintiffs and negotiated with them. His authority is not open to question. What was the result of the negotiations was in dispute and was for the jury.

The plaintiffs brought to the defendant acceptable purchasers for 480 acres, and the defendant entered into contracts with them and received their money. If the contract was modified, in the manner claimed by the plaintiffs, they were entitled to $5 per acre upon 480 acres.

3. The court's instruction that the plaintiffs, if not entitled to recover $5 per acre as upon the special contract which they claimed, were entitled to recover the reasonable value of their services, was upon the theory that about September 1, 1918, the defendant, without right, terminated the contract with the plaintiffs, assuming it to be an entire contract as the defendant claimed, thus leaving the plaintiffs the right, if they chose, to recover reasonable value. The evidence clearly indicates that selling the whole 7,000 acres was a work which would go far into the future and that at the time the defendant terminated the contract the plaintiffs were in good faith engaged in its performance. There was no fair claim that they were not diligent nor that sufficient time had been given them to complete the sales. We think it must be held as a matter of law that the defendant terminated the contract without right. If so the plaintiffs were entitled to recover the reasonable value of their services. While the evidence is unsatisfactory as to the value of their services, we are unable to say that the verdict is not sustained.

It seems likely that the verdict was rendered on the modified special contract, but perhaps not necessarily so. No objection was made to the submission of the case on both theories, and it does not seem that

such an objection would have been availing. The jury could have found for the plaintiffs on either and the verdict is sustained.

Order affirmed.