WERNER, Respondent, vs. LESER and another, Appellants.

*January 12—February 7, 1928.*

*Brokers: Agreement to sell at net price to owner: Right of broker
to excess: Broker not fiduciary if owner receives named price.*

1. Authorization of a broker to sell real estate at a named net price
   to the owner is tantamount to an agreement to pay as commis-
   sions all sums which the buyer is able and willing to pay in
   excess of such price.  p. 100.
2. Brokers, contracting to sell realty at a net price on the insistence
   of the owner, who refused to make the ordinary contract obli-
   gating the brokers to account to him for the full purchase
   price after deducting regular commission, are *held* not to
   occupy a fiduciary relationship toward the owner requiring
   them to account to him for the full price.  p. 101.

APPEAL from a judgment of the circuit court for Mil-
waukee county: E. T. FAIRCHILD, Circuit Judge. *Re-
versed.*

Action begun November 12, 1925, by *Adolph Werner*
against *O. L. Leser* and *Casimir A. Cegielski* to recover
$2,000 alleged to have been collected by the defendants as

agents of the plaintiff. This appeal was from a judgment for the plaintiff entered June 1, 1927.

Plaintiff, the owner of real estate, orally authorized the defendants, who were real-estate brokers, to sell his property for $18,500 net to him, the purchaser to pay all fees and expenses and commissions connected with the sale.

The brokers sold the property for $20,500, paid $18,500 to the owner, and retained the balance of $2,000 to cover expenses and to pay them their commission. The trial court found that the defendants were the agents of the plaintiff and that they were unfaithful fiduciaries in that they falsely and fraudulently concealed from plaintiff that they had sold the property for $20,500. Judgment was entered against the defendants for the net amount of the sales price above $18,500.

For the appellants there was a brief by *Wheeler, Witte & Bark* of Milwaukee, and oral argument by *Lyman G. Wheeler.*

For the respondent there was a brief by *Lines, Spooner & Quarles* and *A. W. Cutright,* and oral argument by *Malcolm K. Whyte,* all of Milwaukee.

STEVENS, J. (1) The controlling question is whether an owner who sells real estate through the instrumentality of a broker is entitled to the excess over the net price fixed by him, where the contract provides that the broker must secure his commission and all fees and expenses from the purchaser. Had the contract expressly provided that the brokers were entitled to all sums paid in excess of the net price, the owner very clearly would not be entitled to any sum in excess of that net price. *Donohue v. Padden,* 93 Wis. 20, 23, 66 N. W. 804. It seems equally clear, as was established in *Arnold v. National Bank,* 126 Wis. 362, 365, 105 N. W. 828, that, when one authorizes a broker to sell his real estate at a net price, this is tantamount to "an agree-

Werner v. Leser, 195 Wis. 99.

ment to pay as commissions all sums in which the price which the buyer found is able and willing to pay exceeds the net price nominated."

(2) The finding that the defendants falsely and fraudulently concealed from the plaintiff the fact that the property had been sold for $20,500 is based on the erroneous conclusion that the defendants occupied a fiduciary relationship toward the plaintiff which required them to account to the plaintiff for the full purchase price. The defendants sought to make the ordinary form of brokerage contract which would have obligated them to account to the plaintiff for the full purchase price, after deducting the regular commission. But the plaintiff refused to enter into such a contract and insisted upon making a contract which limited defendants' obligation to the payment of the net price fixed by him.

(3) Had the defendants sold the property for $18,500 plaintiff would have been entitled to the entire purchase price and defendants would have recovered nothing for commission or for the expenses incident to the making of the sale. *Ames v. Lamont,* 107 Wis. 531, 83 N. W. 780. The converse of the rule should prevail. If the owner is entitled to the full net price without any deductions for commissions or expenses, he cannot have the benefit of all sums received in excess of the net price without the payment of any sum to the broker for his services, as was erroneously done by the judgment which is here in question.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.