## ALBERT WUNDERLICH v. W. D. LOVELL.[1]

October 4, 1929.

No. 27,177.

*Stanley S. Gillam,* for appellant.
*Bartlett & Bartlett,* for respondent.

DIBELL, J.

Action to recover a balance of $528 claimed to be due on the sale of material at an agreed price by C. L. Orloski and J. Orloski doing business as Capital City Wire & Iron Works to the defendant. Their claim was assigned to the plaintiff. There were findings for the plaintiff for $469.09. The defendant appeals from an order denying his motion for a new trial.

[1] Reported in 226 N. W. 933.

The material sold was for use by the defendant in the construction of post office buildings at Prescott, Arkansas, Stevens Point, Wisconsin, and Marshalltown, Iowa. There were three separate contracts, one a formal one and the other two in the nature of written orders for material apparently to be manufactured for a specific purpose. The answer denied the agreed price and alleged payment. After the plaintiff rested the defendant was permitted to amend his answer, and the trial was postponed. The amended answer set forth the three contracts in detail and alleged that the Orloskis failed to perform and that the defendant suffered damages because of the failure. The theory of the defendant was that the plaintiff could not recover because he had failed to plead or prove performance. The court found in substance that the contracts were performed except as to certain items for which credits were allowed defendant.

The chief grievance of the defendant is that the plaintiff did not allege nor prove performance of the three contracts. 2 Dunnell, Minn. Dig. (2 ed.) § 1910; 6 Id. § 10377. Where a contract is completed, an action will lie on the common counts for the balance due. Larson v. Schmaus, 31 Minn. 410, 18 N. W. 273. But anyway the defendant in the beginning made the issue on the agreed value and payment, and not until the amended answer did he allege the contracts and claim nonperformance. Considering the issue as made by the answer and conceding that it was necessary to prove performance, we are met by the finding of the trial court that there was substantial performance and an acceptance of performance by the defendant. The evidence sustains the finding. The trial was contentious and resulted in a record of 375 pages, hard to follow or review, largely made up of depositions taken by the defendant containing much incompetent evidence. There are 43 assignments of error supported by a brief of 100 pages. We have read and thoroughly considered the record, the defendant's brief, and the other briefs, and have given all needed attention to the matters presented. As we have said in other cases, it is not necessary that we demonstrate the correctness of the trial court's findings. 1 Dunnell,

Minn. Dig. (2 ed.) § 414. It is enough that they are fairly sup-
ported by the evidence. They are here. Perhaps they might have
been different, but the evidence sustains them as they are. A num-
ber of rulings on evidence are attacked, but we find nothing that
gives occasion for a new trial. There is nothing in the appeal re-
quiring further mention. The case ended with the decision of the
trial court.

Order affirmed.